STATE OF NORTH CAROLINA v. BRUCE WAYNE THOMPSON

No. 823SC1298

(Filed 4 October 1983)

**Criminal Law § 138— sentencing hearing—aggravating factors incorrectly considered**

In a prosecution where defendant pled guilty to breaking or entering and uttering a forged check, the trial court erred in considering as an aggravating factor that the offense was committed for pecuniary gain since there was no evidence that defendant was hired to commit either the breaking or entering offense or that he was hired to utter forged checks. Nor was there any evidence that he was paid by another to commit any of these offenses. G.S. 15A-1340.4(a)(1)c; G.S. 15A-1444(a1).

APPEAL by defendant from *Tillery, Judge.* Judgment entered 19 August 1982 in Superior Court, PITT County. Heard in the Court of Appeals 21 September 1983.

*Attorney General Edmisten by Associate Attorney Floyd M. Lewis for the State.*

*Appellate Defender Adam Stein by Assistant Appellate Defender Lorinzo L. Joyner for defendant appellant.*

BRASWELL, Judge.

The defendant received one consolidated judgment with active sentence of 10 years' imprisonment upon pleas of guilty in two groups of cases. One group consisted of the first breaking or entering case, a Class H felony, consolidated with the first uttering of forged check case, a Class I felony. The second group contained one breaking or entering count and two uttering of forged checks. Under his arrangement for consolidation there was a potential maximum of twenty years' imprisonment. The presumptive sentence under the Fair Sentencing Act, G.S. 15A, Article 81A, for breaking or entering is 3 years, and for uttering a forged check is 2 years. Because the sentence imposed was in excess of the presumptive sentence of the greater of the two groups of offenses upon being consolidated for judgment, the defendant exercised his right of appeal under G.S. 15A-1444(a1).

The issue on appeal contests the sufficiency of the evidence at the sentencing stage to support the trial court's finding as ag-

gravating factors that the offenses were committed for pecuniary gain and that the defendant had a prior conviction for a criminal offense punishable by more than 60 days' confinement. Our standard of review is established by G.S. 15A-1444(a1): "whether his sentence is supported by evidence introduced at the trial and sentence hearing."

The evidence shows that in the first breaking or entering case an Akai reel-to-reel tape player valued at $500 was stolen. It was recovered in working order. In the second breaking or entering case an RCA color television set was stolen and was subsequently recovered. [The indictment (without any proof in the evidence) alleged the value of the set to be $300.] The forged checks which were uttered were for $125, $75, and $159, for a total of $359. By addition, the outside maximum money for all property for consideration as pecuniary gain to the defendant totaled $1159.

In orally announcing the basis for the sentence, the trial judge used the word "financial" instead of "pecuniary" gain. The expression was: "The Court, in passing judgment . . . takes into account the fact that these crimes were committed for financial gain." On the standard judgment form for the listing of aggravating factors the block as checked reads: "The offense was committed for hire or pecuniary gain."

What does "pecuniary gain" mean? In its filing on 9 August 1983 of *State v. Abdullah*, 309 N.C. 63, 306 S.E. 2d 100 (1983), our Supreme Court definitively answers the question by holding that it means the defendant must have been hired or paid to commit the offense. The court's reasoning includes that G.S. 15A-1340.4(a)(1)c., as amended by 1983 N.C. Sess. Laws Ch. 70, effective 1 October 1983 which will be applied retroactively, eliminates "pecuniary gain" and inserts "[t]he defendant was hired or paid to commit the offense." In answering this question, the Supreme Court in *Abdullah* examined and accorded great weight to our court's decision in *State v. Morris*, 59 N.C. App. 157, 296 S.E. 2d 309 (1982), which had concluded that "if the pecuniary gain at issue in a case is *inherent in the offense*, then that 'pecuniary gain' should not be considered an aggravating factor." *Id.* at 161-62, 296 S.E. 2d at 313 (emphasis added in *Abdullah*).

In looking to the evidence in the case before us we fail to find any evidence that the defendant was hired to commit either breaking or entering offense or that he was hired to utter forged checks. Also, there was no evidence that he was paid by another to commit any of these offenses. The evidence fails to support the finding of the use of the aggravating factor "pecuniary gain" to support the enhanced sentence, and its use by the trial judge constitutes an abuse of discretion in the sentencing process.

Although there were multiple offenses to which the defendant pled guilty, the judgment reflects only one consolidated grouping into one form for all aggravating factors. They were not separated as required by *State v. Ahearn*, 307 N.C. 584, 300 S.E. 2d 689 (1983), which held "that in every case in which the sentencing judge is required to make findings in aggravation and mitigation to support a sentence which varies from the presumptive term, *each offense, whether consolidated for hearing or not, must be treated separately,* and separately supported by findings tailored to the individual offense and applicable only to that offense." *Id.* at 598, 300 S.E. 2d at 698 (emphasis added). Also, *Ahearn* cautions, as do we, that judges should eliminate, by marking out or otherwise obliterating those portions of the AOC form judgments that are inapplicable to the particular findings of factors, either aggravating or mitigating, in each case. *Id.* at 599, 300 S.E. 2d at 698.

Since there must be a new sentencing hearing because of the erroneous use of the aggravating factor of pecuniary gain, we treat lightly the additional issue raised by defendant in his addendum to brief and supplemental argument. The claimed error was that the aggravating factor of prior conviction of more than 60 days is not supported by the record on appeal. The record is silent as to whether at the time of the conviction, or convictions, the defendant was indigent, or represented by counsel, or whether he had waived counsel. In the addendum to its brief, the State would add to the record on appeal that the defendant had convictions of unauthorized use of a motor conveyance and felonious breaking or entering, that the defendant was represented by counsel, and that the defendant's counsel for his prior convictions was the same counsel who represented him in his trial below. (We note that on appeal the defendant was given different counsel.) Perhaps this problem tends to show the wisdom of the 1983 Leg-

islature in amending G.S. 15A-1340.4(e) and in creating G.S. 15A-980, N.C. Sess. Laws Ch. 513, effective 1 October 1983. The amendment requires the defendant at the trial level to move to suppress the use of convictions he deems improper or any objection to the use of these convictions will be waived. Given the Supreme Court's legislative interpretation of and retroactive application of G.S. 15A-1340.4(a)(1)c. as amended in 1983, and as discussed in *Abdullah* we feel this issue on the use of prior convictions will not arise again in this case. This view appears to be consistent with *State v. Thompson*, 309 N.C. 421, 307 S.E. 2d 156 (1983).

Although the defendant did not object at trial to the court's finding or use of any aggravating factor, we conceive that under G.S. 15A-1446(d)(5) a defendant may still raise on appeal the question of the sufficiency of the evidence by an appropriate question in his brief, as was done in this case. Rule 10(a), N.C. Rules App. Proc. Here, the evidence is insufficient to support the findings of fact as a matter of law. The record, however, does show substantial evidence of the elements of each offense in support of his plea of guilty.

We hold that the case must be remanded for a new sentencing hearing only.

Remanded.

Judges BECTON and JOHNSON concur.