STATE OF NORTH CAROLINA v. LUTHER MONROE BROWN, JR.

No. 8219SC1251

(Filed 18 October 1983)

1. **Homicide § 21.9— voluntary manslaughter—sufficiency of evidence**

   The State's evidence was sufficient to support conviction of defendant for the voluntary manslaughter of his father where it tended to show that defendant, his father, and his brother were watching television in the den of their home; defendant left the room, stayed out some 15 or 20 minutes, and returned with a double-barrelled shotgun; defendant walked to his father, holding the gun toward his father's chest, and asked his father to look at the gun sight; the end of the gun barrel was between one and three feet from the father's chest; the father asked whether the gun was loaded and then a gunshot was heard; both barrels of the shotgun had been fired; the shotgun was one of 20-25 guns owned by the deceased father and his sons; all three of the men were familiar with the gun in question and guns in general; and a ballistics expert testified that it required a six and one quarter pound pull to trigger the gun and cause it to fire.

2. **Criminal Law § 102.8— jury argument—comment on failure to testify**

   The trial court did not err in ruling that defendant's counsel could not argue to the jury concerning defendant's failure to testify or to introduce any evidence.

3. **Criminal Law § 138— voluntary manslaughter—aggravating factors—sufficient evidence of first degree murder—failure to acknowledge guilt**

   The evidence in a sentencing hearing for voluntary manslaughter did not support the trial court's findings as aggravating factors that there was strong

evidence of premeditation and deliberation and that the evidence would have warranted submission of an issue of first degree murder to the jury. Furthermore, the trial court erred in finding as an aggravating factor that defendant had not acknowledged his guilt or wrongdoing.

Judge HEDRICK concurs in the result.

APPEAL by defendant from *Wood, Judge.* Judgment entered 22 July 1982 in the Superior Court of CABARRUS County. Heard in the Court of Appeals 20 September 1983.

Defendant was indicted for the murder of his father. The case went to the jury on second degree murder, voluntary manslaughter and involuntary manslaughter. The jury returned a verdict of guilty of voluntary manslaughter, and the trial judge sentenced the defendant to prison for a period of twenty years. Defendant appeals.

*Attorney General Rufus L. Edmisten, by Special Deputy Attorney General Ann Reed for the State.*

*Williams, Boger, Grady, Davis and Tuttle, P.A., by Thomas M. Grady and John Hugh Williams for defendant-appellant.*

HILL, Judge.

We first examine defendant's contention that the trial court erred in denying his motion for dismissal as to all of the offenses charged and the motion for a directed verdict as to second degree murder and voluntary manslaughter. Inasmuch as the jury failed to find the defendant guilty of second degree murder, that issue becomes moot, leaving only the issues pertaining to voluntary and involuntary manslaughter.

The definitions of the remaining offenses are well established. Voluntary manslaughter is the unlawful killing of a human being without malice, express or implied, and without premeditation and deliberation. *State v. Downey,* 253 N.C. 348, 117 S.E. 2d 39 (1960). Involuntary manslaughter is the unlawful killing of a human being without malice, without premeditation and deliberation, and without intention to kill or inflict serious bodily injury. *State v. Foust,* 258 N.C. 453, 128 S.E. 2d 889 (1963). The difference between voluntary and involuntary manslaughter is a question of intent. As it relates to involuntary manslaughter, intent is not an

issue. The crux of that crime is whether an accused unintentionally killed his victim by a wanton, reckless, culpable use of a firearm or other deadly weapon. *State v. Phillips,* 264 N.C. 508, 142 S.E. 2d 337 (1965); *State v. Wrenn,* 279 N.C. 676, 185 S.E. 2d 129 (1971).

In considering a motion to dismiss a criminal charge the court must determine whether there is substantial evidence of each essential element of the offense charged. *State v. Allred,* 279 N.C. 398, 183 S.E. 2d 553 (1971). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith,* 300 N.C. 71, 78-79, 265 S.E. 2d 164, 169 (1980). All the evidence, whether competent or incompetent, must be considered in the light most favorable to the State, and the State is entitled to every reasonable inference therefrom. *State v. Witherspoon,* 293 N.C. 321, 237 S.E. 2d 822 (1977).

[1] The evidence is summarized in pertinent part as follows:

Defendant, his father, and his brother were watching television in the den of their home. The mother was studying for an exam in the kitchen which adjoins the den. The defendant left the room, stayed out some fifteen or twenty minutes, and returned with a double-barrelled shotgun. He walked to his father, holding the gun toward his father's chest and asked his father to look at the gun sight. The end of the gun barrel was between one and three feet from the father's chest. His father remained seated, but asked: "Son, that gun is not loaded, is it?" Then a gunshot was heard. Both barrels had been fired, and bullets had entered the father's chest separated only by a small piece of skin. The brother of the defendant went first to the kitchen where his mother was and then to a neighbor's house where he said: "Luther has just shot my father, but it was an accident."

The gun was one of twenty to twenty-five guns owned by the deceased father and sons and kept in the house. Two days previously the three had gone out to the family farm to do target practice, taking the gun with which the father was shot, but not using it. All three of the men were familiar with the gun in question and guns in general. A ballistics expert testified that it required a six and one quarter pound pull to trigger the gun, causing it to fire.

Defendant offered no evidence. We conclude there was ample evidence, when considered in the light most favorable to the State, for a jury to find the defendant guilty of voluntary manslaughter. The defendant was familiar with the gun, must have known the difficulty to trigger the gun, and certainly knew that pointing a double-barrelled shotgun one to three feet from the chest of his father constituted an act devoid of social responsibility. The jury so found, and we overrule this assignment.

[2]  Nor did the court err by ruling that defendant's counsel could not argue to the jury concerning defendant's failure to testify or introduce any evidence. A contrary ruling would have permitted the defendant's attorney to speculate on facts not in evidence. See *State v. Britt,* 288 N.C. 699, 220 S.E. 2d 283 (1975).

We find no error in the trial of the case, but the case must be remanded for resentencing.

[3]  Defendant was convicted of voluntary manslaughter, which carries a presumptive sentence of six years. The trial judge imposed a sentence of twenty years, finding the following aggravating factors:

15. The defendant has a prior conviction or convictions for criminal offenses punishable by more than 60 days confinement.

16. Additional findings of factors in aggravation.

A. That the evidence in this case is very strong, there is very strong evidence of premeditation and deliberation.

B. That the evidence in this case would have warranted this case going to the jury on First Degree Murder.

C. That the defendant has not acknowledged his guilt or wrongdoing.

D. That there was nothing to provoke the defendant to commit this crime. That the defendant has a past reputation for violence.

As a mitigating factor the judge found:

4. That the defendant was suffering from some sort of mental or drug condition that was insufficient to constitute a

---

defense that possibly could have reduced his culpability for the offense.

We conclude the court erred in its additional findings of factors in aggravation. Nowhere in the record do we find very strong evidence of premeditation and deliberation, or that the evidence would have warranted this case going to the jury as First Degree Murder.

The court further found the defendant has not acknowledged his guilt or wrongdoing. We know of no reason why he should have been expected to do so. Defendant pleaded "Not Guilty." By doing so, he denied his liability and proclaimed his innocence. He was presumed to be innocent at the time, and this presumption continued until he was found guilty by the jury.

When it is found that the judge erred in a finding in aggravation and imposed a sentence beyond the presumptive term, the case must be remanded for a new sentencing hearing. *State v. Ahearn*, 307 N.C. 584, 300 S.E. 2d 689 (1983).

Remanded with instructions.

Judge HEDRICK concurs in the result.

Judge WEBB concurs.