STATE OF NORTH CAROLINA v. LAWRENCE CLINTON COLEMAN

No. 8522SC834

(Filed 15 April 1986)

1. **Criminal Law § 138.23— second degree murder—use of deadly weapon as aggravating factor—error**

    In a second degree murder case where the facts were such that a jury instruction could have been given on the inference of malice from the use of a deadly weapon had defendant not entered a plea of guilty on the day set for trial, the trial court erred in finding as a statutory aggravating factor that defendant used a deadly weapon at the time of the crime.

2. **Criminal Law § 138.21— second degree murder—atrocity as aggravating factor —error**

    The trial court in a second degree murder case had insufficient evidence to find as a factor in aggravation that the offense was especially heinous, atrocious or cruel, although defendant's actions appeared to have been con-

scienceless, since the evidence tended to show that one wound was inflicted to the jugular vein; the victim walked approximately forty-five feet and collapsed, losing consciousness soon after the wound was inflicted; and there was an absence of excessive brutality beyond that normally present in the offense.

3. **Criminal Law § 138.21— second degree murder—brutality as aggravating factor—error**

The trial court erred in finding as a nonstatutory aggravating factor that the offense was characterized by more brutality than is inherent in any murder, that the victim suffered physically and mentally by being conscious of the fact that his life blood was flowing away and being unable to do anything about it, and that the offense had dehumanizing features, since that factor was tantamount to a finding that the offense was especially heinous, atrocious or cruel, and evidence was insufficient to support such a finding.

4. **Criminal Law § 138.29— second degree murder—guilty plea—failure to show remorse—no aggravating factor**

The trial court's finding that defendant exhibited no remorse for the crime could not be the basis for a nonstatutory aggravating factor, since it is improper to aggravate a defendant's sentence for his failure to perform an act when the doing of the act would support the finding of a factor in mitigation, and since *State v. Brown*, 64 N.C. App. 578, held that the court erred in finding as an additional factor in aggravation that defendant had not acknowledged his guilt or wrongdoing, and that rule applies to defendants who plead guilty as well as to those pleading not guilty.

5. **Criminal Law § 138.23— use of deadly weapon—evidence necessary to prove joinable offense—use of deadly weapon as aggravating factor proper**

There was no merit to defendant's contention that the court could not find the use of a deadly weapon at the time of the crime as a factor in aggravation of the larceny offense because evidence of its use was necessary to prove an essential element of the joinable offense of second degree murder.

6. **Criminal Law § 138.26— taking of property of great monetary value—aggravating factor proper**

Evidence in a prosecution for felonious larceny was sufficient to support the trial court's finding in aggravation that the offense involved the taking of property of great monetary value, since evidence tended to show that defendant took a taxi cab, and testimony of an SBI agent tended to show that its value was approximately $3,000.

7. **Criminal Law § 138.34— several offenses—mitigating factor in one offense not found in another—no error**

There was no merit to defendant's contention that the trial court erred in failing to find as a mitigating factor for larceny and armed robbery that defendant was suffering from a physical condition which reduced his culpability when the court did find this factor in mitigation of the second degree murder offense, since it is the established rule that, when one sentencing hearing addresses multiple offenses, the trial judge must treat each offense separately and make separate findings as to the aggravating and mitigating factors for each.

APPEAL by defendant from *Cornelius, Preston, Judge.* Judgment entered 4 February 1985 in Superior Court, DAVIE County. Heard in the Court of Appeals 11 December 1985.

Defendant was charged with first-degree murder, felonious larceny, felonious possession of stolen goods, and robbery with a dangerous weapon, all charges flowing from one incident occurring 11 May 1984. Defendant entered pleas of guilty to second-degree murder, felonious larceny, and robbery with a dangerous weapon on the day set for trial. Following a sentencing hearing, defendant was sentenced to consecutive maximum prison terms of fifty (50) years, ten (10) years, and forty (40) years respectively. Defendant appeals.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Victor H. E. Morgan, Jr., for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Robin E. Hudson, for defendant appellant.*

JOHNSON, Judge.

Evidence presented to establish the factual basis for defendant's plea tended to show in pertinent part that shortly after midnight on 11 May 1984, defendant and a companion, Wilson Wommack, called Blue Bird Cab Company and requested that a cab be dispatched to an address on Granite Street in Winston-Salem, North Carolina, the address of defendant's mother. Cab number twenty-two (#22), driven by Joseph Gray Privetta, was dispatched to that address at 12:23 a.m. According to a statement made by Wilson Wommack, they wanted a cab to take them to the highway because they planned to go on a camping trip. As they were riding down Interstate Forty (I-40) defendant took out a knife, leaned over and cut the cab driver's throat. According to Wommack's written statement and testimony, defendant's action took him completely by surprise.

The cab driver, bleeding profusely, got out of the vehicle under his own strength. Detective John Stevens of the Davie County Sheriff's Department testified that shortly after 1:00 a.m. on 11 May 1984, he found the body of the deceased Joseph Privetta in the westbound lane of Interstate Forty (I-40) with a trail of blood forty-five feet five inches leading to the body. Both defend-

ant and Wommack were apprehended that same day late in the morning near Bland, Virginia, not far from where the taxicab was found.

The court accepted pleas of guilty from defendant to charges of second-degree murder, armed robbery and felonious larceny and pleas of guilty from Wommack to accessory after the fact as to each of the same three offenses.

In arriving at a sentence for defendant for each offense beyond the presumptive, the court correctly treated each offense separately and supported each offense separately by findings tailored to the individual offense as required by *State v. Ahearn*, 307 N.C. 584, 598, 300 S.E. 2d 689, 698 (1983). Separate treatment not only aids appellate review but also offers the option of affirming judgment for one offense while remanding for resentencing only the offense or offenses where error is found. *Id.* Consistent with the requirement of separate treatment and for purposes of clarity, we will discuss defendant's Assignments of Error as they apply to each offense separately.

SECOND-DEGREE MURDER

[1] Defendant contends the court erred in finding as a statutory aggravating factor that defendant used a deadly weapon at the time of the crime. Our Supreme Court has held that when "evidence of the use of a deadly weapon is deemed necessary to prove the element of malice," the court is precluded from using it as an aggravating factor at sentencing. *State v. Blackwelder*, 309 N.C. 410, 417, 306 S.E. 2d 783, 788 (1983). The State argues that *Blackwelder* is inapposite because in the instant case defendant pled guilty, but in *Blackwelder* the defendant's case went to trial and the jury was actually instructed on the inference of malice raised by the use of a deadly weapon. The State's argument is without merit. When our Supreme Court adopted what it referred to as a "bright-line" rule, it set forth with specificity when evidence of the use of a deadly weapon is precluded from serving as an aggravating factor, to wit:

> When the facts justify the giving of the instruction of the inference of malice arising as a matter of law from the use of a deadly weapon and it is in fact given, or *when it could have been given had defendant not entered a plea of guilty. . . .*

*Id.* (emphasis added). In the instant case the facts are such that a jury instruction *could* have been given on the inference of malice from the use of a deadly weapon had the defendant not entered a plea of guilty on the day set for trial. Therefore, we hold that *Blackwelder* is controlling and that the court erred in finding this factor in aggravation of defendant's sentence. Defendant is entitled to a new sentencing hearing regarding the murder offense for this error alone. *State v. Ahearn, supra.*

Because defendant raises other issues on appeal, which if left unresolved could lead to error at resentencing, we will address all remaining Assignments of Error.

[2] Defendant contends the court had insufficient evidence to find as a factor in aggravation that the offense was especially heinous, atrocious or cruel. Our Supreme Court has given us guidance in determining the applicability of this factor in the context of capital cases. Previous construction of the heinous, atrocious or cruel language has led courts to conclude that the following considerations are pivotal: whether death was immediate; whether there was unusual infliction of suffering upon the victim; whether there is evidence of excessive brutality beyond that normally present in any killing; and whether the facts as a whole portray the commission of the crime as conscienceless, pitiless or unnecessarily torturous to the victim. *State v. Ahearn, supra,* at 599, 300 S.E. 2d at 698. "[T]he focus should be on whether the facts of the case disclose *excessive* brutality, or physical pain, psychological suffering, or dehumanizing aspects *not normally present in that offense." State v. Blackwelder, supra,* at 414, 306 S.E. 2d at 786 (emphasis in original).

An examination of the facts of the case *sub judice* neither supports a finding that this murder was excessively brutal nor discloses physical or psychological suffering beyond that normally present in the offense. One wound was inflicted to the jugular vein. The victim walked approximately forty-five feet and collapsed, losing consciousness soon after the wound was inflicted. Although we acknowledge defendant's actions appear to have been conscienceless, other considerations—the absence of multiple wounds, the relative immediacy of death, the absence of excessive brutality—lead us to conclude that this finding was not sufficiently supported by the evidence.

[3]   Defendant next contends that the court erred in finding two nonstatutory factors in aggravation. We agree. The court found as nonstatutory aggravating factors the following:

> Court finds that Statutory Aggravating factors to be uncontradicted and manifest credib[i]lity; find that the offense was characterized by more brutality than is inher[e]nt in any murder; that the victim suffered physically & mentally b[y] being conscious of the fact that his life blood was flowing away and being unable to do anything about it. The offense had dehumanizing features.

> Defendant has exhibited no remorse for crime.

We find that the first factor above is tantamount to a finding that the offense was especially heinous, atrocious or cruel. The factors are equivalent. The court merely restated the statutory aggravating factor in definitional terms. Because we found the evidence insufficient to support the finding that the crime was especially heinous, atrocious or cruel, this nonstatutory factor, likewise, cannot stand.

[4]   Next defendant contends that the court's finding that defendant exhibited no remorse for the crime cannot be the basis for a nonstatutory aggravating factor. We agree for two reasons. First, it is improper to aggravate a defendant's sentence for his failure to perform an act when the doing of the act would support the finding of a factor in mitigation. *State v. Rivers,* 64 N.C. App. 554, 558, 307 S.E. 2d 588, 590 (1983) (even though cooperation with the authorities is a mitigating factor, absence of cooperation cannot support a factor in aggravation). Evidence which shows that defendant exhibited remorse for the crime could support finding the statutory mitigating factor that defendant voluntarily acknowledged wrongdoing prior to the arrest or at an early stage of the criminal process. *State v. Ahearn, supra,* at 607-08, 300 S.E. 2d at 704. Therefore, assuming *arguendo* that the record contains evidence showing defendant exhibited no remorse prior to arrest or at an early stage of the criminal process, this lack of remorse cannot be the basis for an additional written finding of a factor in aggravation.

Secondly, the Court in *State v. Brown,* 64 N.C. App. 578, 582, 307 S.E. 2d 831, 834 (1983), specifically held that the court erred

in finding as an additional factor in aggravation that the defendant had not acknowledged his guilt or wrongdoing. The Court in *Brown* stated that acknowledgment of wrongdoing would be inconsistent with the defendant's plea of not guilty. In the instant case, defendant pled not guilty, then changed his plea to guilty on the day of trial. We see no reason why only defendants who plead not guilty should benefit from the rule formulated in *Brown*. Both nonstatutory factors in aggravation are in error.

FELONIOUS LARCENY

[5] Defendant contends the court cannot find the use of a deadly weapon at the time of the crime as a factor in aggravation of the larceny offense because evidence of its use was necessary to prove an essential element of the joinable offense of second-degree murder. We disagree.

This very issue was addressed in *State v. Toomer*, 311 N.C. 183, 316 S.E. 2d 66 (1984), where the defendant challenged the aggravation of his first-degree burglary offense with the fact he had the use of a deadly weapon when evidence of the use of a deadly weapon was necessary to prove an essential element of the joinable crime of first-degree sexual offense. The Court upheld the judge's finding of the use of a deadly weapon in aggravation. *Id.* We hold *Toomer* is controlling on the facts at bar. Defendant's Assignment of Error on this point is overruled.

[6] Next the defendant challenges the court's finding as a factor in aggravation that the offense involved the taking of property of great monetary value. Defendant contends the record is devoid of evidence regarding the value of the property taken, that is, the taxicab. We disagree.

We have reviewed the record and have found evidence, the testimony of S.B.I. Special Agent William R. Foster, tending to show the value of the taxicab was approximately $3,000.00. Further, the trial judge is not precluded from finding the taking of property of great monetary value as an aggravating factor because defendant had been charged with larceny. *State v. Thompson*, 309 N.C. 421, 422, 307 S.E. 2d 156, 158 (1983). Evidence necessary to prove *great* monetary value is deemed evidence in *addition* to that needed to prove an element of felonious larceny. *Id.* Accordingly, defendant's Assignment of Error on this point is overruled.

[7] In defendant's last Assignment of Error regarding sentencing for the larceny offense, defendant contends the court erred in failing to find as a mitigating factor that defendant was suffering from a physical condition which reduced his culpability when the court did find this factor in mitigation of the second-degree murder offense. Defendant's contention is without merit. To adopt such a rule would undermine the well-settled rule we stated earlier, namely, when one sentencing hearing addresses multiple offenses, the trial judge must treat each offense separately and make separate findings as to the aggravating and mitigating factors for each. *State v. Ahearn, supra*, at 598, 300 S.E. 2d at 698; *State v. Thompson*, 64 N.C. App. 354, 356, 307 S.E. 2d 397, 399 (1983). Defendant argues on appeal that defendant was less culpable because he was under the influence of alcohol and marijuana at the time the crime was committed. We are indulging defendant in allowing him to speculate for the sake of argument that it was the evidence of alcohol and drug influence upon which the court relied when it found this mitigating factor regarding the second-degree murder offense. The record itself is unconclusive on this point. Nonetheless, recent use of alcohol and drugs is not *per se* a statutorily enumerated mitigating factor. It could perhaps be found to mitigate the offense as suggested by defendant. *See State v. Bynum*, 65 N.C. App. 813, 815, 310 S.E. 2d 388, 390 (1984). We agree with the Court's reasoning in *Bynum*. The evidence at the sentencing hearing, even though it could have permitted such a finding, did not compel it. *Id.* This Assignment of Error is overruled.

We find no errors occurred at the sentencing hearing with respect to the offense of larceny; therefore, judgment is affirmed as to sentencing for this offense.

ROBBERY WITH A DANGEROUS WEAPON

In defendant's only Assignment of Error regarding the armed robbery phase of the sentencing hearing, he contends the court erred in failing to find as a mitigating factor that defendant was suffering from a physical condition which reduced his culpability when the court found this factor in mitigation of the second-degree murder offense. This is the same argument we addressed immediately above regarding the offense of felonious larceny. For the reasons stated therein, we overrule this Assign-

ment of Error. The judgment as to the sentence for the offense of robbery with a dangerous weapon is affirmed.

In summary, we hold as follows:

In Case Number 84CRS1635—charge of felonious larceny—Sentence Affirmed;

In Case Number 84CRS2402—charge of robbery with a dangerous weapon—Sentence Affirmed;

In Case Number 84CRS1634—charge of second-degree murder—Sentence Vacated and case remanded for resentencing.

Chief Judge HEDRICK and Judge PHILLIPS concur.