STATE OF NORTH CAROLINA v. GLENN WILLIAMS

No. 8912SC838

(Filed 3 April 1990)

1. **Criminal Law § 753 (NCI4th)— robbery—requested instruction on burden of proving defendant's identity—denied—no error**

    There was no error in a robbery prosecution where the trial court failed to give defendant's requested instruction

that the State had the burden of proving the identity of the defendant as the perpetrator of the crimes charged. Assuming that the issue was properly raised, the facts indicate that the victim identified defendant as his assailant in the hospital and at trial and the trial judge instructed the jury that the State must prove defendant guilty beyond a reasonable doubt.

**Am Jur 2d, Trial § 725.**

2. **Criminal Law § 753 (NCI4th) — robbery — requested instruction on number of witnesses and quantity of evidence — denied — no error**

The fact that defendant in a robbery prosecution presented no evidence did not give rise to the necessity of an instruction that the number of witnesses and quantity of evidence is not determinative of guilt where the instructions given were substantially the same as those which were requested.

**Am Jur 2d, Trial §§ 752, 753; Robbery § 73.**

3. **Criminal Law § 745 (NCI4th) — robbery — requested instruction on law enforcement officer as interested witness — not given — no error**

The trial court did not err in a robbery prosecution by not instructing the jury that the testimony of law enforcement officers is to be evaluated as any other witness where the jury was instructed to apply the same tests of truthfulness which they applied in their everyday affairs. Moreover, the instruction defendant requested is essentially an interested witness instruction and there was no evidence to show that clear advancement or other gain might be given to the officer if defendant were convicted. Instructing the jury to give special scrutiny to the officer's testimony would have been an improper expression of an opinion as to the credibility of the witness.

**Am Jur 2d, Trial § 861.**

4. **Criminal Law § 1114 (NCI4th) — robbery — sentencing — pending charges — lack of remorse as aggravating factor — error**

The trial court erred when sentencing defendant for conspiracy to commit armed robbery, attempted robbery, and assault with a deadly weapon inflicting serious injury by aggravating his sentence for failure to admit and express remorse

for shooting the prosecuting witness when there were pending charges against defendant and any statement made at the sentencing hearing might be used against him.

**Am Jur 2d, Criminal Law §§ 598, 599; Robbery § 84.**

APPEAL by defendant from judgment entered 7 April 1989 in CUMBERLAND County Superior Court by *Judge Samuel T. Currin.* Heard in the Court of Appeals 14 February 1990.

*Attorney General Lacy H. Thornburg, by Associate Attorney General P. Bly Hall, for the State.*

*James R. Parish for defendant-appellant.*

DUNCAN, Judge.

From a judgment imposing concurrent sentences, later amended to impose consecutive sentences, following his conviction of conspiracy to commit robbery with a dangerous weapon, attempted robbery with a dangerous weapon and assault with a deadly weapon inflicting serious injury, defendant appeals. We find no prejudicial error in the defendant's trial, but for the reasons that follow we remand for resentencing.

I

Evidence for the State tended to show that on 10 May 1988 at about 5:30 P.M., Mr. and Mrs. Fuller were preparing to leave the Fuller Oil Company, when two men entered the office. One man asked Mr. Fuller about a job application. Mr. Fuller told him that he was not hiring at that time and that he should come back in October. As Mr. Fuller turned his back, the man pulled out a gun. Mrs. Fuller cried out to warn him and Mr. Fuller struck at the man's hand. The man fired five shots, two of which struck Mr. Fuller in the leg and the abdomen. The man's companion fled when the shooting first started and the assailant fled after the fifth shot had been fired.

While in the hospital, Mr. Fuller was shown a photographic lineup and he selected defendant's picture. He also positively identified the defendant at trial as his assailant.

The State's evidence further tended to show that defendant and two accomplices agreed earlier that afternoon to rob Fuller Oil Company. Joshua Johnson, a former employee of the company,

STATE v. WILLIAMS

[98 N.C. App. 68 (1990)]

was familiar with the cash that would be on the premises on that day of the week. He drove the three of them over to the oil company and waited with the car while the defendant and Lynwood Melvin, the third man, went inside. After the incident, crime scene technicians found two fingerprints that matched those of Lynwood Melvin on the entrance door. Joshua Johnson testified that when defendant returned to the car he asked what happened. Johnson said defendant "said he shot him." Officer Melton Brown testified that defendant admitted to him that he was present when Mr. Fuller was shot but claimed that Melvin had done the shooting.

## II

Defendant's first three assignments of error are to the trial judge's instructions to the jury. He contends that the judge committed reversible error in not instructing the jury, despite proper requests, that 1) the State had the burden of proving the identity of the defendant as the perpetrator of the crimes charged; 2) the number of witnesses and quantity of evidence introduced was not determinative of guilt; and 3) the testimony of law enforcement officers is to be evaluated as that of any other witness. We find no merit to these contentions and overrule these assignments of error.

[1] With respect to defendant's first assignment of error, it is well established that a request for a specific instruction which is correct in law and supported by the evidence must be granted at least in substance. See State v. Davis, 291 N.C. 1, 229 S.E.2d 285 (1976). However, the trial judge is not required to give the requested instruction verbatim. State v. Allen, 322 N.C. 176, 367 S.E.2d 626 (1988).

Defendant contends that the issue of the identity of the perpetrator was material to the State's case because the victim's wife could not identify her husband's assailant. This contention is without merit. Assuming, arguendo, that this raised the issue of identity, the facts indicate the victim identified the defendant as his assailant in the hospital and at trial.

Furthermore, in this case, the trial judge instructed the jury, "The State must prove to you that the Defendant is guilty beyond a reasonable doubt." In instructing the jury on the elements required to find defendant guilty of conspiring to commit robbery with a dangerous weapon, the judge said, ". . . the State must prove . . . beyond a reasonable doubt . . . that the Defendant,

Glenn Williams, and at least one other person, entered into an agreement." The jury could reasonably infer from these instructions that the State had to prove that the defendant was the perpetrator of the crimes charged. We therefore find no reversible error.

[2]  As to defendant's second assignment of error, he contends that the fact that he presented no evidence gives rise to the necessity of an instruction that the number of witnesses and quantity of evidence introduced is not determinative of guilt. This contention is without merit.

The jury was instructed, "You must decide for yourselves whether to believe the testimony of any witness. You may believe all or any part or none of what a witness said on the stand." The trial judge further instructed, "You are also the sole judges of the weight to be given any evidence in this case . . . should you decide that certain evidence is believable, you must then determine the importance of that evidence in light of all the other believable evidence in the case." Based upon those instructions, it is reasonable for a jury to conclude that the number of witnesses and quantity of evidence are not unassailable proof of defendant's guilt, and that they had to determine the credibility of each witness' testimony and each piece of evidence and then determine their weight or significance. The instructions given were substantively the same as those which were requested, and we therefore find no reversible error.

[3]  As to defendant's third assignment of error, he contends that the police officer's testimony that the defendant confessed orally contradicts the Miranda rights form. The Miranda rights form indicates that defendant refused to sign the waiver of rights; however, Officer Brown testified that in a conversation he had with the defendant, the defendant admitted to being present when Mr. Fuller was shot. Because of that contradiction, defendant argues that the jury should have been instructed that the testimony of law enforcement officers is to be evaluated as any other witness. This contention is without merit.

First, we note that the jury was instructed that they were to apply "the same tests of truthfulness which [they] apply in [their] everyday affairs." From that they were free to conclude that a police officer, as well as any other person, may not always tell

the truth and to determine whether Officer Brown was telling the truth.

Second, the instruction which defendant requested is in substance an interested-witness instruction. That is, defendant's requested instruction was that the jury scrutinize Officer Brown's testimony in light of his interest or bias as a law enforcement officer and accord it the same weight as any other witness. When an interested-witness instruction is justified by the evidence, a trial judge, upon request, is required to give it. *State v. Richardson*, 36 N.C. App. 373, 376, 242 S.E.2d 918, 920 (1978). In this case, there is no evidence of record to show that any career advancement or other gain might be given to Officer Brown if the defendant were convicted. Furthermore, to have instructed the jury to give special scrutiny to Officer Brown's testimony and treat it as that of any other witness would have been an improper expression of an opinion as to the credibility of the witness and the weight to be accorded his testimony. N.C. Gen. Stat. Sec. 15A-1222 (1988). Therefore, as to this assignment of error, we find no reversible error.

## III

[4] Defendant's fourth and fifth assignments of error are 1) to the trial judge's aggravating his sentence for failure to admit shooting the prosecuting witness and express remorse for doing so, and, 2) to the trial judge's amending his sentences to be served consecutively rather than concurrently after defendant gave notice of appeal. We agree with defendant's fourth assignment of error and remand this case for a new sentencing hearing.

First, we note that the record reflects that the only statutory aggravating factor the trial judge found was a prior conviction for a criminal offense punishable by more than sixty days. It is, however, the exchange between the defendant and the trial judge prior to sentencing that concerns this court. The trial judge asked the defendant if he had any remorse "about what [he] did," whereupon defendant replied that he did not commit the crime with which he was charged but that he "hate[d] for anybody to get hurt." The defendant's attorney then informed the trial judge that there were two cases pending against the defendant, and that any statement made at the sentencing hearing might be used against him. The assistant district attorney confirmed that the State would be proceeding with those cases as soon as possible. Then the trial judge said:

The second thing that concerns me about your case is the fact that you have not been willing to turn around and face Mr. Fuller and say you're sorry. About all you have had to say is, Well, the jury found me guilty, and that is about all I am willing to accept. And whenever I sentence a Defendant, I am always looking for some remorse, some step on the road to recovery that I can work with, but I am afraid you haven't given me very much that I can work with.

This court has stated that, "it is improper to aggravate a defendant's sentence for his failure to perform an act when the doing of the act would support the finding of a factor in mitigation." *State v. Coleman*, 80 N.C. App. 271, 277, 341 S.E.2d 750, 753 (1986) (citing *State v. Rivers*, 64 N.C. App. 554, 558, 307 S.E.2d 588, 590 (1983) ), *disc. rev. denied*, 318 N.C. 285, 347 S.E.2d 466 (1986). Thus, while an expression of remorse might have mitigated this defendant's sentence, the lack of such an expression, which took the form of exercising the right against self-incrimination, cannot be an aggravating factor in the defendant's sentence.

The exchange between the defendant and the trial judge indicates that the trial judge improperly considered the defendant's unwillingness to incriminate himself and proceeded to give the defendant the maximum sentence for all three of the convictions. When a defendant has pled not guilty and maintains his plea, finding as a nonstatutory aggravating factor that he has not exhibited any remorse and imposing a sentence beyond the presumptive term is error warranting a new sentencing hearing. *See State v. Brown*, 64 N.C. App. 578, 582, 307 S.E.2d 831, 834 (1983).

Having found that defendant is entitled to a new sentencing hearing on the basis of his fourth assignment of error it is not necessary to address his fifth assignment of error.

For the foregoing reasons, this case is

Remanded for resentencing.

Chief Judge HEDRICK and Judge PHILLIPS concur.