STATE OF NORTH CAROLINA v. MICHAEL BRIAN CHURCH

No. 8927SC637

(Filed 7 August 1990)

1. **Criminal Law § 293 (NCI4th) — separate indictments charging child abuse — offenses similar — consolidation proper**

    The trial court did not err in consolidating for trial separate indictments against defendant for child abuse where the victim was burned about the mouth on 11 August and on the buttocks on 26 August; both burns were circumscribed and discrete, indicating that the victim was immersed in the burning agent; both injuries were sustained at the same place, the family residence; both injuries were inflicted while defendant was taking care of his wife's sons; in neither instance did defendant seek medical treatment for the victim, though urged to do so by other family members; and there was thus ample evidence of similarities of the crimes constituting a fingerprint of the perpetrator.

    **Am Jur 2d, Indictments and Informations §§ 221, 223, 224.**

2. **Criminal Law § 34.4 (NCI3d) — child abuse charged — evidence of wife abuse — any error corrected by court's instruction**

In a prosecution of defendant for child abuse the trial court did not err in allowing defendant's wife to testify about assaults committed upon her by defendant, since the testimony was given to explain why the mother did nothing when she saw burns on her child; the trial court *sua sponte* instructed the jury that the evidence of defendant's assaults on his wife was offered only to show why the witness did not take any action; the court further instructed the jury that they were not to consider the testimony as evidence of the bad character of defendant and that the evidence was not offered to show that on the occasions alleged in the bills of indictment defendant acted toward the victim in conformity with his conduct toward his wife; and defendant failed to show a reasonable possibility that a different result would have been reached at trial had the evidence been excluded.

**Am Jur 2d, Evidence § 321.**

3. **Parent and Child § 2.2 (NCI3d) — misdemeanor child abuse — child burned about the mouth — sufficiency of evidence**

Evidence was sufficient to be submitted to the jury in a prosecution for misdemeanor child abuse where the evidence tended to show that the child's face was burned while he was under defendant's supervision and no other adults were present; the facial burn was perfectly round, indicating that the child had been immersed in hot liquid; and the child suffered from battered child syndrome. N.C.G.S. § 14-318.2.

**Am Jur 2d, Infants § 16.**

4. **Parent and Child § 2.2 (NCI3d) — felonious child abuse — second degree burns on buttocks — sufficiency of evidence of serious injury**

There was no merit to defendant's contention that the trial court erred in refusing to dismiss the charge of felonious child abuse in the absence of evidence that the child suffered serious injury, since evidence tended to show that the child suffered second degree burns on his buttocks; second degree burns, which cause a layer of skin to peel, are very painful; if left untreated, they cause permanent disfigurement; and the child's second degree burns were several days old before

STATE v. CHURCH

[99 N.C. App. 647 (1990)]

they received professional medical treatment in the hospital. N.C.G.S. § 14-318.4.

**Am Jur 2d, Infants § 16.**

5. **Criminal Law § 1110 (NCI4th)— child abuse—aggravating factor of desertion from Army—finding proper**

The trial court in a prosecution for child abuse did not err in finding as a factor in aggravation that defendant had violated the military code of justice and deserted from the armed forces where defendant admitted that he was AWOL from the U. S. Army; the evidence showed that this fact dictated the family's secretive life style and was directly related to defendant's child care responsibilities and opportunity for abuse of the child; and defendant's desertion therefore increased his culpability.

**Am Jur 2d, Criminal Law § 599; Evidence §§ 321, 328.**

6. **Criminal Law § 1114 (NCI4th)— child abuse—aggravating factor of failure to render aid to child victim—finding proper**

The trial court in a child abuse case did not err in finding as a factor in aggravation that defendant failed to render aid to a helpless 17-month-old child who was in defendant's custody and care for three days, during which time the child was suffering from painful second degree burns.

**Am Jur 2d, Criminal Law § 599; Evidence §§ 321, 328.**

7. **Criminal Law § 1214 (NCI4th)— child abuse—mitigating factor that defendant was abused child—insufficiency of evidence**

The trial court in a child abuse case did not err in declining to find as a factor in mitigation that defendant was himself the victim of child abuse, since testimony by defendant and his sister, who admitted bias against their mother, that the mother had abused them was not manifestly credible.

**Am Jur 2d, Criminal Law § 599; Evidence §§ 321, 328.**

APPEAL by defendant from judgment entered 25 January 1989 by *Judge Robert E. Gaines* in CLEVELAND County Superior Court. Heard in the Court of Appeals 18 January 1990.

STATE v. CHURCH

[99 N.C. App. 647 (1990)]

*Attorney General Lacy H. Thornburg, by Assistant Attorney General David M. Parker, for the State.*

*Brenda S. McLain for defendant-appellant.*

PARKER, Judge.

Three indictments were returned against defendant. The first alleged that on 11 August 1988 he committed the felonies of assault with a deadly weapon with intent to kill inflicting serious injury, maiming, and child abuse. The victim's injury in this indictment was a second-degree burn around his mouth. A second indictment alleged that on 26 August 1988 the defendant committed felonious child abuse. In this instance the victim's injury was a second-degree burn on his buttocks. The third indictment alleged the felonies of assault with a deadly weapon inflicting serious injury and child abuse. The victim's injuries consisted of brain damage and skull fractures.

The jury found defendant guilty of misdemeanor child abuse based on the 11 August incident, the scalding of the victim's face. Defendant was also found guilty of felonious child abuse based on the 26 August 1988 injury, the burning of the victim's buttocks. Defendant was found not guilty of assault with a deadly weapon inflicting serious injury based on the head trauma.

At sentencing on the charge of felonious child abuse, the trial court found two factors in aggravation and two factors in mitigation, ruled that the factors in aggravation outweighed those in mitigation, and sentenced defendant to an eight-year term of imprisonment, the presumptive sentence being three years. On appeal we find no error.

In the summer of 1988 defendant Michael Brian Church, his wife, Sandra, and two of her children lived together in a trailer in rural Cleveland County. Defendant had recently moved his family from their home in Kentucky for the purpose of escaping his military service commitment. To avoid being found by United States Army authorities, defendant was not working outside the home. His wife worked and he kept her two sons; he described himself as a househusband. Defendant owned a car which he would not let his wife drive. Driving on back roads to escape notice, defendant drove his wife to work and picked her up. Sandra Church's children rode

along on these trips. Defendant knew the area well because he had grown up there and his extended family lived in the area.

On the morning of 11 August defendant drove his wife to her job. He returned home and fixed oatmeal for himself and the two boys. Defendant testified at trial that he set a bowl of steaming hot oatmeal on the kitchen table. While his back was turned, the younger of his stepsons, Travis, age 17 months, took the bowl off the table and stuck his face in it. When defendant turned around and perceived what had happened, he immediately took a cloth and wiped off the hot cereal. He applied ointment to Travis' face. Later that morning defendant's mother and stepfather, Diane and Roger Rains, noticed the burn and suggested Travis needed medical attention. Defendant would not take Travis to a doctor but allowed Mrs. Rains to apply a cream containing aloe vera to Travis' face.

Medical experts at trial testified that Travis' facial burn was circumscribed, or perfectly round, which indicated the victim's face had been immersed in the burning agent and held there. In an accidental scalding the burn mark is irregular, on account of movement of the burning agent, such as splashing, running, or dripping, or some avoidance movement of the victim, such as turning away from or wiping at the burning agent. Travis sustained a second-degree burn to his face.

On the evening of 26 August, defendant, intending to bathe Travis, put him in the bathtub and turned on the water. The child defecated in the water, so defendant let the water out of the tub. The hot water was turned on while Travis was still lying in the bathtub, burning his buttocks. At trial defendant testified that his wife had burned Travis in the bath water. Sandra Church testified that the incident happened when she was at work. Upon discovering the burns when she returned, she took both children and left the trailer on foot, to seek medical treatment for Travis. Defendant followed her in his car and tried to run her and the children down. When both Mr. and Mrs. Rains later suggested to defendant that Travis needed medical attention, he ignored them. He dressed Travis in clothes which concealed the burn marks.

Again, the medical testimony indicated that Travis' burns were well circumscribed. These burns were second-degree burns.

On 30 August 1988 defendant was apprehended by Cleveland County Sheriff's deputies acting on information that defendant was

wanted for desertion from the United States Army. Sandra Church and her two sons were in the car with defendant. Travis appeared to be unconscious and was taken to Cleveland Memorial Hospital for treatment. On 31 August 1988 he was transferred to Charlotte Memorial Hospital for further treatment.

[1] Defendant brings forward seven assignments of error. Defendant first argues the trial court erred in allowing the separate indictments against him to be joined for trial. He contends the two events were distinct in that the facial burn and the burn to the buttocks occurred too far apart in time, and there were not other similarities between the two such as to constitute a fingerprint of the perpetrator. We disagree.

Two or more offenses may be joined for trial when they are based on the same act or transaction or on a series of acts or transactions connected together or constituting parts of a single scheme or plan. G.S. 15A-926(a). The North Carolina Supreme Court has held that in deciding whether to allow joinder

> [t]he test to be applied is whether the offenses are so separate in time and place and so distinct in circumstances as to render consolidation unjust and prejudicial to the defendant. In so doing we must look to whether defendant was hindered or deprived of his ability to defend one or more of the charges.

*State v. Corbett*, 309 N.C. 382, 389, 307 S.E.2d 139, 144 (1983) (citation omitted). This Court has held that to be joined the crimes must be transactionally related either as part of a single conspiracy, because they are closely related in time, or because similarities of the crime constitute a fingerprint of the perpetrator. *State v. Williams*, 74 N.C. App. 695, 697, 329 S.E.2d 705, 707 (1985).

The record shows that the burns were not distinct. Both burns were circumscribed and discrete, indicating that the victim was immersed in the burning agent. Both injuries were sustained at the same place, the family residence. There was evidence that both injuries were inflicted while defendant was taking care of his wife's sons. In neither instance did the defendant seek medical treatment for the victim, though urged to do so by other family members. We conclude there was ample evidence of similarities of the crimes constituting a fingerprint of the perpetrator.

This Court has also held that absent a showing that the defendant has been deprived of a fair trial, exercise of the trial court's

discretion in the matter of joinder will not be disturbed. *State v. Foster*, 33 N.C. App. 145, 149, 234 S.E.2d 443, 446, *cert. denied*, 293 N.C. 255, 237 S.E.2d 537 (1977). Defendant has made no such showing, and thus we decline to disturb the exercise of the trial court's discretion.

[2] Defendant next contends that the trial court erred in allowing Sandra Church to testify about assaults committed upon her by the defendant. Defendant argues that this evidence was inadmissible under Rule 404(b) of the N.C. Rules of Evidence, because its only logical relevancy was to suggest that the defendant's behavior towards his wife showed his propensity or predisposition to burn her minor child. Defendant further argues that even if relevant, the evidence was so prejudicial that it should have been excluded pursuant to Rule 403.

Rule 404, a blanket prohibition against the admission of character evidence for the purpose of proving conduct in conformity therewith, provides an exception for evidence of other crimes, wrongs, or acts when proffered as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident." Rule 404(b), N.C. Rules Evid. This list of proper purposes is neither exclusive nor exhaustive. *State v. Young*, 317 N.C. 396, 412, 346 S.E.2d 626, 635 n.2 (1986). In *Young* the Court stated:

> Rule 404(b) codifies the longstanding rule in this jurisdiction that evidence of other offenses is inadmissible on the issue of guilt if its *only* relevancy is to show the character of the accused or his disposition to commit an offense of the nature of the one charged; but if it tends to prove any other relevant fact, it will not be excluded merely because it also shows him to have been guilty of an independent crime. The defendant's general objection to the victim's response is ineffective unless there is no proper purpose for which the evidence is admissible.

*Id.* (citations omitted) (footnote omitted).

Sandra Church, asked on direct examination why she said and did nothing upon first seeing the burns on Travis' buttocks, replied that she was afraid of her husband. When the prosecutor asked her why she was afraid, defendant made a general objection, which was overruled, and the witness was allowed to testify as to various assaults upon her by him. The trial court *sua sponte* instructed

the jury that the evidence of defendant's assaults on his wife was offered only to show why the witness did not take any action. The court further instructed the jury that they were not to consider the testimony as evidence of the bad character of the defendant and that the evidence was not offered to show that on the occasions alleged in the bills of indictment the defendant acted towards Travis in conformity with his conduct towards his wife. Defendant's defense was that Sandra Church had committed the crimes against Travis. Thus, her testimony about the assaults tended to prove another relevant fact, namely, that she failed to act because she was afraid defendant would assault her again.

Under Rule 403, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." Rule 403, N.C. Rules Evid. " 'Unfair prejudice,' as used in Rule 403, means 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, as an emotional one.' " *State v. Cameron,* 83 N.C. App. 69, 75, 349 S.E.2d 327, 331 (1986) (quoting *State v. DeLeonardo,* 315 N.C. 762, 772, 340 S.E.2d 350, 357 (1986)). If there is error in the admission of evidence, defendant has the burden of showing a reasonable possibility that a different result would have been reached at trial had the evidence been excluded. G.S. 15A-1443(a). "Absent such a showing, any possible error is considered harmless and does not entitle defendant to a new trial." *State v. Cameron,* 83 N.C. App. at 75, 349 S.E.2d at 332. Here defendant has failed to make the requisite showing and is therefore not entitled to a new trial on this issue.

[3] Defendant's third contention is that the trial court erred in refusing to dismiss the charge of misdemeanor child abuse. Defendant argues that an essential element of proof under the statute is a showing that the injuries were inflicted by other than accidental means, that there was no evidence defendant immersed Travis' face in the hot cereal, and that evidence as to whether Travis' injuries were accidentally or intentionally inflicted was so speculative and conjectural as to justify the granting of defendant's motion to dismiss. We disagree.

Proof of misdemeanor child abuse requires proof of infliction of injury by other than accidental means:

Any parent of a child less than 16 years of age, or any person providing care to or supervision of such child, who inflicts physical injury, or who allows physical injury to be

inflicted, or who creates or allows to be created a substantial risk of physical injury, upon or to such child *by other than accidental means* is guilty of the misdemeanor of child abuse.

G.S. 14-318.2(a) (emphasis added). On a motion for nonsuit in a criminal action, all the evidence favorable to the State, whether competent or incompetent, must be deemed true and considered in the light most favorable to the State, and the State is entitled to every inference of fact that may be reasonably deduced therefrom. *State v. Witherspoon,* 293 N.C. 321, 326, 237 S.E.2d 822, 826 (1977). The North Carolina Supreme Court has said that evidence that a victim suffers from battered child syndrome raises an inference that his injuries were not accidentally inflicted. *State v. Campbell,* 316 N.C. 168, 174, 340 S.E.2d 474, 478 (1986). When examined in the light most favorable to the State, the evidence in this case was sufficient to take the charge to the jury.

That Travis' face was burned while he was under defendant's supervision and no other adults were present is uncontroverted. Competent medical evidence at trial was that Travis' facial burn was well circumscribed, or perfectly round. The burn looked like the child's face had been immersed in a bowl or cup of liquid. There were not any areas that looked as though there had been dripping, running, or motion. Instead, it appeared that something had been placed or held against the child's face. The medical evidence also included an opinion that Travis suffered from battered child syndrome and an opinion that he had been abused.

Defendant argues the evidence is equally consistent with the defendant's immersing Travis' face in the bowl of steaming hot oatmeal or Travis' immersing his own face in the bowl. Since the State was entitled to every reasonable inference that the burn was not accidental, the trial court properly denied defendant's motion to dismiss. We note the illogic of a seventeen-month-old child's purposely dipping his face into a bowl of steaming oatmeal. Even if he had done so and oatmeal had stuck to his face, as defendant contended, Travis would most likely have touched or rubbed at his face. Thus, if the burn had occurred accidentally, its contours would have been jagged and irregular instead of well circumscribed.

[4] Defendant next contends the trial court erred in refusing to dismiss the charge of felonious child abuse. Defendant argues that under G.S. 14-318.4 serious physical injury must be proved and

that the State failed to prove the burns on Travis' buttocks were serious.

Injuries are serious as a matter of law when the evidence is not conflicting and is such that reasonable minds could not differ on the serious nature of the injuries inflicted. *State v. Pettiford*, 60 N.C. App. 92, 97, 298 S.E.2d 389, 392 (1982) (reviewing conviction of assault with a deadly weapon with intent to kill inflicting serious injury). "Factors our courts consider in determining if an injury is serious include pain, loss of blood, hospitalization and time lost from work." *State v. Owens*, 65 N.C. App. 107, 111, 308 S.E.2d 494, 498 (1983).

At trial the medical evidence was that second-degree burns, which cause a layer of skin to peel, are very painful. If not treated, they cause permanent disfigurement. If over a joint, the scars left by such burns permanently impede movement of the joint. Travis' second-degree burns were several days old before they received professional medical treatment in the hospital. Under the applicable test, the State is entitled to every reasonable inference that this burn was a serious physical injury. We hold the trial court did not err in refusing to dismiss the charge of felonious child abuse.

Defendant's final three assignments of error relate to the finding at sentencing of factors in aggravation and mitigation. The trial court found as factors in aggravation that defendant was a deserter from the United States Army and that he failed to seek medical treatment for Travis at a reasonable time after the child was injured. The court declined to find as a factor in mitigation that defendant was himself the victim of child abuse.

[5] Defendant first contends the trial court erred when it found as a factor in aggravation that defendant had violated the military code of justice and deserted from the armed forces. Defendant argues that he had not been convicted of desertion, and the court, therefore, could not find the aggravating factor. We disagree. As defendant acknowledges, G.S. 15A-1340.4 does not limit a trial judge to the aggravating and mitigating factors enumerated in the statute. The criteria are that the factor be supported by the preponderance of the evidence and be reasonably related to the purposes of sentencing. G.S. 15A-1340.4(a). In the present case defendant admitted that he was AWOL from the U.S. Army and the evidence showed that this fact dictated the family's secretive life style and was

directly related to defendant's child care responsibilities and opportunity for abuse of the child. Hence, defendant's desertion increased his culpability, and the trial court did not err in finding this factor in aggravation.

[6] Defendant also attacks the finding of the second factor in aggravation, that he failed to provide Travis with medical treatment at a reasonable time after his injury. Defendant contends that under *State v. Coleman*, 80 N.C. App. 271, 341 S.E.2d 750, *disc. rev. denied*, 318 N.C. 285, 347 S.E.2d 466 (1986), this factor in aggravation cannot properly be found. We disagree.

Rendering aid to a victim is not a statutory mitigating factor; therefore a finding of this mitigating factor is in the exercise of the trial judge's sound discretion. *State v. Spears*, 314 N.C. 319, 323, 333 S.E.2d 242, 245 (1985). For this reason, the trial judge in proper circumstances should not be precluded from finding the omission of an act to be an aggravating factor when in other circumstances the performance of that act might be a nonstatutory mitigating factor. In *Coleman, supra*, relied on by defendant, the factor at issue was remorse, which is a statutory mitigating factor. In the present case, defendant failed to render aid to the helpless seventeen-month-old child who was in defendant's custody and care for three days, during which time the child was suffering from painful second-degree burns. Such conduct increased the injury to the child and clearly increased defendant's culpability.

[7] Finally, we consider defendant's contention that the trial court erred in declining to find as a factor in mitigation that he was himself the victim of child abuse. When a defendant argues that his evidence is such as to compel the finding of a mitigating factor, "his position is analogous to that of a party with the burden of persuasion seeking a directed verdict. He is asking the court to conclude that 'the evidence so clearly establishes the fact in issue that no reasonable inferences to the contrary can be drawn,' and that the credibility of the evidence 'is manifest as a matter of law.'" *State v. Jones*, 309 N.C. 214, 219-20, 306 S.E.2d 451, 455 (1983), *aff'd*, 314 N.C. 644, 336 S.E.2d 385 (1985) (quoting *Bank v. Burnette*, 297 N.C. 524, 536, 256 S.E.2d 388, 395 (1979)). Where a proposed mitigating factor is nonstatutory, the trial court's failure to consider such a factor will not be disturbed absent a showing of abuse of discretion. *State v. Cameron*, 314 N.C. 516, 519, 335 S.E.2d 9, 11 (1985). Such is the case even when the factor is proven

by uncontradicted, substantial, and manifestly credible evidence. *Id.* at 519, 335 S.E.2d at 10.

Defendant's evidence on the proposed nonstatutory factor in mitigation was not manifestly credible. It consisted of his testimony that his mother had abused him and similar testimony by his sister, who admitted bias against their mother. The court had the opportunity to observe the demeanor of these two witnesses and was capable of making its own determination as to whether their testimony was credible. Even if credible, the relevance of this factor to defendant's acts as a stepfather was not established. We conclude the trial court did not abuse its discretion by declining to find the proposed factor in mitigation.

No error.

Judges JOHNSON and GREENE concur.