STATE v. HARRELL

[100 N.C. App. 450 (1990)]

Reversed and remanded.

Judges ARNOLD and PHILLIPS concur.

---

STATE OF NORTH CAROLINA v. LUTHER BYRD HARRELL, DEFENDANT-APPELLANT

No. 903SC26

(Filed 16 October 1990)

**Criminal Law § 1114 (NCI4th)— sentencing—consideration of defendant's denial of guilt**

The trial court erred in basing its sentencing decision in part upon defendant's denial of all guilt with respect to the charges against him.

**Am Jur 2d, Criminal Law § 599.**

APPEAL by defendant from judgment entered 5 May 1989 by *Judge Samuel T. Currin* in PITT County Superior Court. Heard in the Court of Appeals 26 September 1990.

On 5 May 1989 defendant was found guilty of two counts of conspiracy to possess cocaine, one count of conspiracy to possess with intent to sell cocaine, three counts each of conspiracy to sell cocaine and to deliver cocaine, two counts of possession of cocaine, one count of possession with intent to sell cocaine, three counts of sale of cocaine and three counts of delivery of cocaine. Defendant was sentenced to a total of fifty years imprisonment.

The trial court arrested judgment on ten of the counts and gave the presumptive sentences for six of the counts. It also found factors to aggravate the sentences in two counts beyond the presumptive term, while suspending one of these aggravated sentences. From these judgments, defendant appeals.

*Attorney General Lacy H. Thornburg, by Associate Attorney General R. Dawn Gibbs, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender M. Patricia DeVine, for defendant appellant.*

ARNOLD, Judge.

Defendant contends the trial court erred in basing its sentencing decision in part upon the fact defendant denied all guilt with respect to the charges. We agree with defendant's contention and remand for resentencing.

The trial court found one statutory aggravating factor for two of the charges, a prior conviction for a criminal offense punishable by more than sixty days confinement. In addition, the trial court found as a nonstatutory aggravating factor for these two charges that "[t]he defendant gave no substantial assistance to law enforcement." Later in corrected findings the trial court eliminated this nonstatutory factor for one of the offenses. The trial court found no mitigating factors.

Of more concern to this Court are the trial court's comments prior to sentencing:

> Mr. Harrell, I always explain to the defendant why I impose the sentence that I do. In your case several factors entered into my decision. . . . My second consideration is the fact that you have denied all guilt with regard to these charges. . . . It's one thing when a defendant is caught and comes in and admits his wrong. That enables the court to take some consideration. But in your case, of course, you continue to deny your involvement, even in the face of what I think is very strong evidence against you. So I would take a different view of you if I thought you were being truthful with the court, that's what I'm saying to you. I just don't think you're being truthful with the court. . . . But in any event those are the factors that go into my thinking.

As Judge Duncan emphasized in *State v. Williams*, 98 N.C. App. 68, 74, 389 S.E.2d 830, 833 (1990), "exercising the right against self-incrimination, cannot be an aggravating factor in the defendant's sentence." Factors which would mitigate a sentence if present, cannot be used in aggravation if absent. *Id.* The record indicates the trial judge improperly considered defendant's denial of all guilt in regard to the charges. *State v. Brown*, 64 N.C. App. 578, 307 S.E.2d 831 (1983). Although the trial court corrected its findings of factors in aggravation for one of the two sentences which exceeded the presumptive term, both sentences are error warranting a new sentencing hearing. *Williams*, 98 N.C. App. 68, 389 S.E.2d

STATE v. HARRELL

[100 N.C. App. 450 (1990)]

830. Since defendant is entitled to a new sentencing hearing based on the first assignment of error, his other assignment of error concerning sentencing will not be addressed.

After reviewing the record, briefs, and counsel's oral arguments, we examined defendant's remaining assignments of error and found them to be without merit. We find no error in the trial below. But due to the trial court's consideration of an impermissible factor in sentencing, this case is

Remanded for resentencing.

Chief Judge HEDRICK and Judge PHILLIPS concur.