STATE OF NORTH CAROLINA v. RONALD TYLER AND KENNETH C. HUNT

No. 8316DC511

(Filed 7 February 1984)

1. **Criminal Law § 138— aggravating factor that sentence is a deterrent and necessary to protect society—improper**

    The trial judge erred in finding as an aggravating factor that the sentences imposed were necessary as a deterrent to others and in one defendant's case that the sentence was necessary to protect society.

2. **Criminal Law § 138— failure to list mitigating factor that was considered in mitigation**

    The trial court erred when it considered a defendant's lesser role in a crime but failed to specifically list this consideration as a factor in mitigation. G.S. 15A-1340.4(b).

3. **Criminal Law § 138— more mitigating factors not necessarily outweighing aggravating factors**

    The discretion and balance struck by the trial judge imposing a sentence does not depend on the precise number of aggravating and mitigating factors;

State v. Tyler

two factors in mitigation do not automatically outweigh one factor in aggravation.

APPEAL by defendants from *Herring, Jr., Judge.* Judgment entered 28 January 1983, in Superior Court, ROBESON County. Heard in the Court of Appeals 7 December 1983.

Defendants, who pled guilty to several felonies, appeal from sentences imposed that exceed the presumptive terms under G.S. 15A-1340.4.

Defendant Tyler pled guilty to conspiracy to commit armed robbery, armed robbery, assault with a deadly weapon with intent to kill inflicting serious injury, and assault by pointing a gun. Defendant Hunt pled guilty to conspiracy to commit armed robbery and armed robbery.

In sentencing defendant Tyler, the judge found the following aggravating factors:

(1) The offense was committed for hire or pecuniary gain.

(2) The offense was especially heinous, atrocious, or cruel.

(3) The defendant had a prior conviction or convictions for criminal offenses punishable by more than sixty days confinement.

(4) The defendant was on escape from the North Carolina Department of Correction at the time these offenses were committed.

(5) The defendant attempted to escape from the Robeson County Jail pending disposition of this matter.

(6) The sentence imposed is necessary as a deterrent to others.

(7) The sentence imposed is necessary to protect society.

The judge found as a mitigating factor that defendant had pled guilty, thereby avoiding the necessity of a jury trial. Defendant received a total sentence of fifty years, a sentence exceeding the combined presumptive sentences for the crimes committed.

In sentencing defendant Hunt, the judge found as aggravating factors that the offense was committed for hire or

pecuniary gain and that the sentence imposed was necessary as a deterrent to others. The judge found as mitigating factors that defendant had no record of criminal convictions or misdemeanors punishable by not more than sixty days imprisonment and that defendant had pled guilty, thereby avoiding the necessity of a jury trial. Defendant was sentenced to twenty years, a sentence exceeding the presumptive term.

*Attorney General Edmisten, by Richard H. Carlton, Assistant Attorney General, for the State.*

*Robert D. Jacobson, for defendant-appellant Ronald Tyler.*

*Smith and Jobe, P.A., by Bruce F. Jobe, for defendant-appellant Kenneth C. Hunt.*

VAUGHN, Chief Judge.

Defendants contend that the trial judge committed several errors during sentencing. We agree. First, the trial judge erred in finding as an aggravating factor to armed robbery that the offense was committed for hire or pecuniary gain. *State v. Abdullah,* 309 N.C. 63, 306 S.E. 2d 100 (1983).

[1] Second, the trial judge erred in finding as an aggravating factor that the sentences imposed were necessary as a deterrent to others and in defendant Tyler's case that the sentence was necessary to protect society. These factors—deterrence and protection—fall within the exclusive realm of the legislature and were presumably considered in determining the presumptive sentences. *State v. Chatman,* 308 N.C. 169, 301 S.E. 2d 71 (1983). Moreover, it is improper to consider factors like these, which relate neither to the conduct nor the character of defendants, during sentencing. *Id.; State v. Ahearn,* 307 N.C. 584, 300 S.E. 2d 689 (1983).

[2] Defendant Hunt also contends that the trial judge erred when he considered defendant Hunt's lesser role but failed to specifically list this consideration as a factor in mitigation. Pursuant to G.S. 15A-1340.4(b), a judge who imposes a sentence that differs from the presumptive term must specifically list each factor in aggravation or mitigation that he finds proven by a preponderance of the evidence. He is not required to list in the

judgment statutory factors considered and rejected as being unsupported by a preponderance of the evidence. *State v. Davis*, 58 N.C. App. 330, 293 S.E. 2d 658, *review denied*, 306 N.C. 745, 295 S.E. 2d 482 (1982). In sentencing defendant Hunt, the trial judge found "that the aggravating factors, by a preponderance of the evidence, outweigh the mitigating factors, and *taking into consideration a lesser role*, it is the judgment of this Court that the defendant be imprisoned . . . for a term of twenty years." (Emphasis added.) It appears from the Record that the judge considered defendant Hunt's lesser role during sentencing. It was, therefore, error, under G.S. 15A-1340.4(b), not to record such consideration.

[3] Defendants also contend that the trial judge erred by imposing sentences exceeding the presumptive terms since the mitigating factors outweigh the aggravating factors. With this contention, we find no merit. The discretion and balance struck by the judge imposing sentence does not depend on the precise number of aggravating and mitigating factors. The judge's task is not a simple matter of mathematics; two factors in mitigation do not automatically outweigh one factor in aggravation. *State v. Davis, supra.*

Finally, although not raised on appeal, we note on remand that the defendants' pleas of guilty should not be considered as mitigating factors during sentencing. *State v. Ahearn, supra.*

Remanded for resentencing.

Judges HILL and BECTON concur.