STATE OF NORTH CAROLINA v. PAUL TURNER ELDRIDGE, JR.

No. 8621SC151

(Filed 18 November 1986)

1. **Burglary and Unlawful Breakings § 5— no showing of force to gain entry — conviction for first degree burglary improper — verdict sufficient to sustain conviction for lesser offense**

   Defendant could not be convicted of first degree burglary where the State offered no evidence to raise an inference that any force was employed to gain entry to the victim's apartment and evidence of a breaking, an essential element of burglary, was therefore missing; however, there was evidence that defendant entered the victim's apartment with the intent to commit an assault upon her, which was sufficient to support a conviction for felonious breaking or entering, and the jury's verdict of guilty of first degree burglary indicated that it found all facts necessary to a conviction for felonious breaking or entering.

2. **Larceny § 9— felonious larceny pursuant to burglary — sufficiency of verdict to support felonious larceny pursuant to breaking or entering**

   The indictment charging felonious larceny committed pursuant to burglary was sufficient to charge defendant with felonious larceny committed pursuant to breaking or entering, and by its verdict of guilty of felonious

larceny pursuant to burglary the jury necessarily found facts to support a verdict of guilty of felonious larceny pursuant to breaking or entering.

3. **Criminal Law § 48— defendant's post-arrest silence—cross-examination of defendant—no plain error**

In a prosecution for rape, burglary and larceny, there was no merit to defendant's contention that the trial court committed plain error in allowing the State's attorney to cross-examine him regarding his post-arrest silence about a man who dropped the victim's telephone which was found in defendant's possession at the time of his arrest shortly after commission of the crime.

APPEAL by defendant from *Mills, Judge.* Judgments entered 9 October 1985 in Superior Court, FORSYTH County. Heard in the Court of Appeals 18 August 1986.

The defendant was charged in proper bills of indictment with second degree rape, first degree burglary and felonious larceny. The State's evidence tends to show that on 4 June 1985 the victim, a seventy-three-year-old woman, went to sleep on the couch in her living room at approximately 9:30 or 10:00 p.m. Sometime in the early morning she was awakened by a man who grabbed her throat and said "I gotcha." He then raped her and stole her telephone, pliers, a pair of scissors and an envelope containing approximately ten quarters. The man ran out of the apartment and around a corner.

The victim was able to describe her assailant to police only as a "youngish" male, 5'8" to 5'10" tall and of slender build. She could not determine his race. Five minutes after Officer Bruce of the Winston-Salem Police Department heard this description over his car radio he saw the defendant walking two blocks from the victim's home. Bruce stopped and asked the defendant to speak with him. He saw that the defendant was carrying a telephone receiver in his coat pocket and a t-shirt containing some object. Bruce called to the defendant, who tossed the t-shirt and then the telephone receiver over a wall. When Bruce told the defendant to pick up the telephone, he saw the defendant place a .38 caliber revolver under a nearby tree. He then patted down the defendant and found a slingshot, pliers and scissors in the defendant's pockets. The defendant was arrested for carrying a concealed weapon. It was later determined that the victim's phone number matched the number on the phone in the defendant's possession.

No identifiable fingerprints were found inside the victim's apartment. A forensic serologist testified that sperm found in a

vaginal smear taken from the victim contained phosphoglucomutase (PGM) enzyme in form 2-1. The serologist concluded that the sperm must have come from a male with PGM group 2 or group 2-1. Thirty-nine percent of males have PGM group 2 or 2-1. The defendant has PGM group 2.

The defendant testified that he was out late on the night of 4 and 5 June, walking around to the homes of various friends and drinking beer with a cousin. While walking near the victim's home he saw a black male running around the corner of a building. When this man saw the defendant he stopped, put down a t-shirt and ran in the opposite direction. The defendant picked up the t-shirt, which contained a telephone, scissors and pliers. He continued walking. When he was approached by Officer Bruce he threw the telephone to distract Bruce's attention in the hope that Bruce would not realize the defendant was carrying a pistol in violation of the terms of his probation. The defendant said he did not tell the arresting officers about the man who dropped the telephone because of the officers' intimidating conversation.

The jury found the defendant guilty as charged. From judgments entered on those verdicts, the defendant appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Steven F. Bryant, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Geoffrey C. Mangum, for defendant appellant.*

WEBB, Judge.

[1] The defendant first assigns as error the trial court's denial of his motion to dismiss the charge of first degree burglary because there is no evidence from which the jury could find that the defendant had committed a breaking as required by G.S. 14-51. We believe this argument has merit.

The offense of first degree burglary requires proof that the defendant both broke and entered the dwelling house of another in the nighttime, intending to commit a felony within. A "breaking" is defined as any act of force, however slight, used to make an entrance "through any usual or unusual place of ingress, whether open, partly open, or closed." *State v. Jolly*, 297 N.C. 121, 127-128, 254 S.E. 2d 1, 5-6 (1979). Proof of such a breaking

usually requires testimony that prior to entry all doors and windows were closed. *State v. Alexander*, 18 N.C. App. 460, 197 S.E. 2d 272, *cert. denied*, 283 N.C. 666, 198 S.E. 2d 721 and *cert. denied*, 284 N.C. 255, 200 S.E. 2d 655 (1973).

In the present case the State offered no evidence to raise an inference that any force was employed to gain entry to the victim's apartment. The victim testified concerning the type of lock on the only door to the apartment but never stated that the door and two windows were closed when she went to sleep. There was no evidence of forced entry. Evidence of a breaking, an essential element of burglary, was therefore missing, and the defendant could not properly be convicted of that offense. There is evidence, however, that the defendant entered the victim's apartment with the intent to commit an assault upon her, which is sufficient to support a conviction for felonious breaking or entering. G.S. 14-54(a). Felonious breaking or entering is a lesser-included offense of first degree burglary, *State v. Jolly, supra*, and requires only evidence of breaking or entering but not of both. *State v. Barnett*, 41 N.C. App. 171, 254 S.E. 2d 199 (1979). The trial court's charge to the jury, which included only an instruction on burglary but not on its lesser-included offenses, was sufficient to support a conviction for felonious breaking or entering. *See State v. McCoy*, 79 N.C. App. 273, 339 S.E. 2d 419 (1986). By its verdict of guilty of first degree burglary the jury indicated that it found all facts necessary to a conviction for felonious breaking or entering. We therefore vacate the judgment on the charge of first degree burglary and remand with instructions to enter judgment as upon a conviction of felonious breaking or entering.

[2] The defendant next argues that the court erred in denying his motion to dismiss the charge of felonious larceny. He contends that because the evidence was insufficient to support a conviction for burglary and the court instructed only on the theory of felonious larceny committed pursuant to burglary this conviction must also be vacated. We cannot agree.

We held above that although in its jury charge on the offense of first degree burglary the court did not instruct the jury on the lesser-included offense of felonious breaking or entering, the indictment charging only burglary and the instructions were nonetheless sufficient to support a conviction for felonious breaking or

entering. We believe the same reasoning applies to the defendant's larceny conviction. The indictment charging felonious larceny committed pursuant to burglary is sufficient to charge the defendant with felonious larceny committed pursuant to breaking or entering. *State v. McCoy, supra.* G.S. 14-72(b)(2) makes it a felony to commit larceny pursuant to burglary or breaking or entering without regard to the value of the property taken. By its verdict of guilty of felonious larceny pursuant to burglary the jury necessarily found facts to support a verdict of guilty of felonious larceny pursuant to breaking or entering. We hold that the court's instruction on felonious larceny pursuant to burglary was sufficient to support the defendant's conviction of felonious larceny pursuant to breaking or entering.

[3] By his final assignment the defendant argues that the court erred in permitting the State's attorney to cross-examine him regarding his post-arrest silence about the man who dropped the telephone found in his possession. The defendant concedes he made no objection to this line of questioning at trial and that therefore review may be had only if the error rises to the level of "plain error."

In *State v. Odom*, 307 N.C. 655, 660, 300 S.E. 2d 375, 378 (1983), our Supreme Court adopted the "plain error" rule as stated in *United States v. McCaskill*, 676 F. 2d 995, 1002 (4th Cir.), *cert. denied*, 459 U.S. 1018, 103 S.Ct. 381, 74 L.Ed. 2d 513 (1982):

> [T]he plain error rule . . . is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is a "*fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done," or "where [the error] is grave error which amounts to a denial of a fundamental right of the accused," or the error has "resulted in a miscarriage of justice or in the denial to appellant of a fair trial" or where the error is such as to "seriously affect the fairness, integrity or public reputation of judicial proceedings" or where it can fairly be said "the instructional mistake had a probable impact on the jury's finding that the defendant was guilty." (Emphasis in original.)

In the present case the following occurred on cross-examination of the defendant:

Q: Did you tell [Officer Bruce]— did you tell him about the man who dropped the phone and the t-shirt?

A: No, I didn't.

Q: And at any time that night, did you tell the officers about the man that dropped the phone?

A: No, I didn't.

Q: Anytime that night, did you tell the officer, look, officers, you got me under arrest for rape and burglary and I found these matters and let me describe this fellow to you and show you which way he ran so you can get a track on him, get the bloodhounds out? Did you tell them that at all?

A: If I could explain that.

Q: Sure.

. . . .

A: The reason why I didn't say anything, either they was playing it as a joke or whatever, I took it serious. Police Patrolman Bruce said that I could have blown his head off at that time. I said to myself, I'm not stupid. And at that time, said we ought to let him run and shoot him. I said I know I ain't saying nothing now. . . . . .

We do not believe the error complained of rises to the level of "plain error" within the rule adopted in *State v. Odom, supra.*

Affirmed in part, vacated and remanded in part.

Chief Judge HEDRICK and Judge WELLS concur.