STATE OF NORTH CAROLINA v. AMOS ANDREW SHAW

No. 9114SC661

(Filed 16 June 1992)

1. **Kidnapping § 1.2 (NCI3d)— restraint to facilitate flight— sufficiency of evidence**

   The evidence was sufficient to support the trial court's submission of a kidnapping charge to the jury on the theory that defendant's purpose for unlawfully restraining the victim was to facilitate flight after having committed first degree burglary where the State presented evidence that, when an officer knocked on the victim's front door, defendant, while holding a gun taken from the victim, told the victim to say that everything was okay and that defendant was her grandson, and that if the victim did not do as defendant instructed, he would kill her; and the victim testified that, when defendant opened the door to speak with the officer, she wanted to talk to the officer but "was scared."

   **Am Jur 2d, Abduction and Kidnapping §§ 12, 13, 15, 21.**

2. **Burglary and Unlawful Breakings § 68 (NCI4th)— burglary— sufficient evidence of breaking**

   The State's evidence of a breaking was sufficient to support defendant's conviction of first degree burglary where the victim testified that defendant gained entry to her home by jumping through the window and that the window "was shut" prior to defendant's entry.

   **Am Jur 2d, Burglary §§ 16, 50.**

3. **Burglary and Unlawful Breakings § 165 (NCI4th) — first degree burglary — instruction on misdemeanor breaking or entering not required**

The trial court in a first degree burglary prosecution properly refused to instruct the jury on the lesser included offense of misdemeanor breaking or entering where the State's evidence tended to show that defendant entered the victim's home without permission at 11:00 p.m. through a window that was closed prior to his entry, the victim was in the home at the time, and defendant demanded money from the victim, and defendant denied having committed the offense of first degree burglary by testimony that the victim invited him into her home and that he had no intent to steal anything from her.

**Am Jur 2d, Burglary §§ 67, 69.**

4. **Evidence and Witnesses § 2146 (NCI4th) — inadmissible opinion testimony — harmless error**

An officer's testimony in a first degree burglary trial that "it appeared just by looking over there there had indeed been a break-in" at the victim's home constituted inadmissible opinion evidence since it was not based on personal knowledge, and the jury was as qualified as the witness to infer from the facts that a break-in had occurred. However, defendant was not prejudiced by the erroneous admission of this testimony because there is no reasonable possibility that the jury would have reached a different verdict in light of the other evidence of defendant's guilt. N.C.G.S. § 8C-1, Rules 602, 701.

**Am Jur 2d, Expert and Opinion Evidence §§ 5-7, 12.**

5. **Criminal Law § 1118 (NCI4th) — entitlement to peace of mind and body — improper aggravating factor**

Although the trial court did not formally find as a nonstatutory aggravating factor for burglary and kidnapping that the victim, like any other citizen, is entitled to peace of mind and body in her home, defendant is entitled to a new sentencing hearing where the trial judge's comments indicate that he improperly considered this factor in imposing sentences greater than the presumptive terms. Such a finding is indistinguishable from a finding that the sentence imposed is necessary to protect the public, which is a stated purpose of sentencing under N.C.G.S. § 15A-1340.3 and therefore an

improper basis for increasing a defendant's presumptive sentence.

**Am Jur 2d, Criminal Law §§ 535, 538.**

APPEAL by defendant from judgments entered 7 February 1990 in DURHAM County Superior Court by *Judge Anthony M. Brannon.* Heard in the Court of Appeals 7 April 1992.

*Lacy H. Thornburg, Attorney General, by Robin Michael, Associate Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Daniel R. Pollitt, Assistant Appellate Defender, for defendant-appellant.*

GREENE, Judge.

Defendant appeals from judgments entered 7 February 1990, which judgments are based on jury verdicts convicting defendant of one count of first degree burglary, N.C.G.S. § 14-51 (1986), and one count of second degree kidnapping, N.C.G.S. § 14-39 (1986 and Supp. 1991). The trial court sentenced defendant to a term of natural life for the burglary conviction and a term of twenty years, to begin at the expiration of the life sentence, for the kidnapping conviction.

The evidence in this case is conflicting. The State's evidence established that Sally Gibson (Gibson) is a ninety-four years old woman who lives alone in a house in Durham. She rarely has visitors other than members of her family. At approximately 11:00 p.m. on 11 November 1989, Gibson was at home alone watching television when defendant entered her residence through a window. Gibson testified that, prior to defendant's entry, the window had been closed. When defendant entered, Gibson picked up a gun that she owned and kept in her house. Defendant knocked her onto the floor on her face and straddled her. Gibson screamed, and defendant told her to "hush before I choke you," and demanded that she "turn loose [of the gun] before I shoot you." Defendant twisted the gun out of Gibson's hand and then asked Gibson where "the money" was. At this time, Durham Police Officer R. M. Davis (Officer Davis) knocked on the door. Defendant got off of Gibson and placed the gun on top of the television. He told Gibson, "I am going to tell them you are my grandmother," and for her to say the same.

Defendant answered the door and began talking with Officer Davis. He told Officer Davis that Gibson was his grandmother. Gibson testified that she went to the door and wanted to talk to Officer Davis, but was scared. Gibson saw her next-door neighbor step outside, and ran to her neighbor's house. Both defendant and Officer Davis followed Gibson. Gibson was "hysterical" and told Officer Davis that she did not know defendant, that defendant had come in her window, and that defendant told her that if she did not say that everything was okay, he would kill her. Officer Davis arrested defendant. Thereafter, defendant was indicted on charges of first degree burglary, second degree kidnapping, and assault with a deadly weapon.

Defendant's evidence established that defendant is a house painter in Durham who does much of his work on credit for senior citizens. Defendant met Gibson for the first time in April, 1989, and spoke with her again in July, 1989. On the evening of 11 November 1989, defendant left a lounge which is located in Gibson's neighborhood and decided to call on Gibson to see if she needed any work done around the house. Defendant had a friend drop him off at Gibson's house at approximately 8:00 p.m. Gibson invited defendant inside. Gibson and defendant had been talking for approximately two hours when Gibson said that she heard something outside and started getting upset. Defendant went outside to check, but did not see anything unusual. When defendant came back inside Gibson's house, Gibson was pointing a pistol at him. Defendant grabbed the pistol out of Gibson's hand and Gibson and defendant both accidentally fell down. Gibson "hollered" for a few minutes, and defendant took the gun and put it on top of the television.

At this time, Officer Davis knocked on Gibson's door. Defendant answered the door, produced identification, and told Officer Davis that he was visiting "Ma Gib." As Officer Davis began to leave Gibson's residence, Gibson suddenly ran toward a neighbor's house screaming. Defendant testified that Gibson was probably tired, confused, and upset about the noise that she had heard earlier and her fall. He testified that he did not intend to steal anything from Gibson, that he did not break into Gibson's house, and that he did not restrain or coerce Gibson inside her home.

---

The issues are whether I) on the charge of second degree kidnapping, the State presented substantial evidence that defend-

ant restrained Gibson for the purpose of facilitating flight after commission of a felony; II) on the charge of first degree burglary, the State presented substantial evidence of the breaking element; III) defendant's denial at trial that he committed first degree burglary made it unnecessary for the trial court to instruct the jury on the lesser included offense of misdemeanor breaking and entering; IV) Officer Davis' testimony that "it appeared that there had indeed been a break in" at Gibson's residence constitutes inadmissible opinion evidence, and, if so, whether there is a reasonable possibility that the jury would have reached a different verdict had this evidence been excluded; and V) the trial court erroneously found and relied on as a non-statutory aggravating sentencing factor that "the lady, like any other citizen, is entitled to peace of mind and body in her home."

I

[1] Defendant's indictment for second degree kidnapping charged defendant, pursuant to N.C.G.S. § 14-39, with unlawfully confining and restraining Gibson without her consent for the purpose of (1) using her as a shield; (2) facilitating the commission of the felony of first degree burglary; (3) facilitating flight following defendant's participation in the commission of the felony of first degree burglary; and (4) terrorizing her. The trial court, without objection, submitted the kidnapping charge to the jury on the theory that defendant's purpose for unlawfully restraining Gibson was to facilitate flight after having committed first degree burglary.

Defendant argues that the State failed to present substantial evidence at trial that he unlawfully restrained Gibson for the purpose of facilitating flight after commission of a felony. According to defendant, his physical restraint of Gibson, if any, was for the purpose of robbing her and not for the purpose of facilitating flight. Therefore, defendant argues, the trial court erroneously denied defendant's motion to dismiss the charge of second degree kidnapping at the close of all the evidence. The State argues that defendant restrained Gibson in her home by threatening her with bodily harm if she refused to tell Officer Davis that she was defendant's grandmother. Defendant's purpose for using such restraint, according to the State, was to facilitate his escape from Gibson's residence after committing first degree burglary.

In order to survive a defendant's motion to dismiss in a prosecution for kidnapping, the State must present substantial evidence

that the defendant unlawfully restrained or confined the victim without the victim's consent for one or more of the purposes delineated in Section 14-39. *State v. Fulcher*, 294 N.C. 503, 523, 243 S.E.2d 338, 351 (1978). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78, 265 S.E.2d 164, 169 (1980). The restraint contemplated by Section 14-39 need not be physical; a person who is restricted from freedom of movement by the threatened use of a deadly weapon is "restrained" within the meaning of the statute. *Fulcher*, 294 N.C. at 523, 243 S.E.2d at 351.

The State presented evidence at trial that, when Officer Davis knocked on Gibson's front door, defendant, while holding Gibson's gun, told Gibson to say that everything was okay and that defendant was Gibson's grandson, and that if she did not do as defendant instructed, he would kill her. Gibson testified that, when defendant opened the door to speak with Officer Davis, she wanted to go out and talk to the policeman but "I was scared." Such evidence is sufficient to support the jury's determination that defendant restrained Gibson, that such restraint was unlawful and without Gibson's consent, and that such restraint was for the purpose of facilitating flight after commission of a felony by preventing Officer Davis from discovering that defendant had committed first degree burglary and arresting him. Accordingly, the trial court properly denied defendant's motion to dismiss the charge of second degree kidnapping.

## II

[2] Defendant argues that the State failed to present substantial evidence of a "breaking" by defendant into Gibson's house, and that therefore his conviction for first degree burglary cannot be sustained. Specifically, defendant contends that the State failed to show that the window through which defendant allegedly entered Gibson's home was closed prior to defendant's entry.

A "breaking" is an essential element of the crime of burglary, *State v. Bell*, 285 N.C. 746, 749, 208 S.E.2d 506, 508 (1974), and is defined as "any act of force, however slight, used to make an entrance 'through any usual or unusual place of ingress . . . .' " *State v. Eldridge*, 83 N.C. App. 312, 314, 349 S.E.2d 881, 882-83 (1986) (quoting *State v. Jolly*, 297 N.C. 121, 127-28, 254 S.E.2d 1, 5-6 (1979) ). A breaking is sufficiently shown by testimony that, prior to entry, the window or door through which the defendant

allegedly made entry was closed. *State v. Sweezy*, 291 N.C. 366, 383, 230 S.E.2d 524, 535 (1976); *Eldridge*, 83 N.C. App. at 314-15, 349 S.E.2d at 883.

At trial, the State presented the testimony of Gibson who, when asked whether the window through which defendant allegedly entered her home was open or not prior to defendant's entry, stated, "Yeah, it was shut, certainly was." Furthermore, Gibson testified that defendant gained entry into her home by "jump[ing] through the window." This testimony constitutes substantial evidence of the breaking element of burglary, and therefore this assignment of error is without merit.

III

[3] Defendant contends that he is entitled to a new trial because the trial court erroneously refused to submit the offense of misdemeanor breaking and entering to the jury. Defendant argues that there was evidence from which the jury could find him guilty of this lesser included offense of burglary, and therefore the trial court was required to instruct the jury on it.

When there is evidence presented at trial from which the jury could find that the defendant committed a lesser included offense of the crime with which he is charged, then the trial court must instruct the jury on the lesser included offense. *State v. Maness*, 321 N.C 454, 461, 364 S.E.2d 349, 353 (1988). However, when the defendant denies having committed the complete offense for which he is being prosecuted, and evidence is presented by the State of every element of the offense, and there is no evidence to negate these elements other than the defendant's denial that he committed the offense, then no lesser included offense need be submitted. *State v. Williams*, 314 N.C. 337, 352-53, 333 S.E.2d 708, 719 (1985). The State in the instant case prosecuted defendant for first degree burglary. The elements of this crime are: "(1) the breaking (2) and entering (3) at night (4) into a dwelling house or room used as a sleeping apartment (5) which is actually occupied at the time of the offense (6) with the intent to commit a felony . . . therein." *State v. Coleman*, 65 N.C. App. 23, 27, 308 S.E.2d 742, 745 (1983).

The State's evidence established that at approximately 11:00 p.m. on the night in question, defendant without permission entered Gibson's house through a window that, prior to his entry, had

been closed and that Gibson was home at the time. This constitutes positive evidence of the first five elements of first degree burglary. The State also presented testimony that, once inside, defendant demanded money from Gibson. From this, the jury could properly infer that defendant had the requisite intent to commit larceny. *See Coleman*, 65 N.C. App. at 27-28, 308 S.E.2d at 745-46 (intent to commit larceny must be inferred from the evidence when larceny is not actually committed). Defendant, on the other hand, testified that Gibson invited him into her home, and that he had no intent to steal anything from her. In other words, defendant denies having committed the offense of first degree burglary. Because "mere denial of the charges by the defendant does not require submission of a lesser included offense," *Maness*, 321 N.C. at 461, 364 S.E.2d at 353 (quoting *State v. Horner*, 310 N.C. 274, 283, 311 S.E.2d 281, 288 (1984)), the trial court properly refused to instruct the jury on misdemeanor breaking and entering.

IV

[4] Defendant argues that Officer Davis' testimony that "it appeared just by looking over there there had indeed been a break in" at Gibson's home on the night in question constitutes inadmissible opinion evidence, and that defendant was prejudiced by its erroneous admission at trial.

Officer Davis testified that, in response to a call, he went to Gibson's house, talked to defendant, and eventually went inside. He described what he saw once inside Gibson's house as follows:

The table was disturbed like a break-in had occurred. I could see a stick in the window. It appeared just by looking over there there had indeed been a break-in—

We agree that this portion of Officer Davis' testimony, to which defendant objects, was not based on personal knowledge and was not helpful to the jury in understanding Officer Davis' testimony, and therefore was inadmissible. *See State v. Cuthrell*, 233 N.C. 274, 276, 63 S.E.2d 549, 550 (1951) (sheriff's testimony that building was "set afire," which was not based on first-hand knowledge, constituted inadmissible opinion evidence); *see also* N.C.G.S. § 8C-1, Rule 602 (1988) (witness may not testify to a matter unless he has personal knowledge of the matter); N.C.G.S. § 8C-1, Rule 701 (1988) (lay witness' opinions must be helpful to a clear understanding of his testimony or the determination of a fact in issue). Here,

STATE v. SHAW

[106 N.C. App. 433 (1992)]

the jury was as qualified as Officer Davis to infer from the facts that defendant broke into Gibson's home. *See State v. Watson*, 294 N.C. 159, 165, 240 S.E.2d 440, 445 (1978) (testimony that defendant "ripped off the service station," where the witness had not actually observed the robbery, inadmissible because the jury was as qualified as the witness to draw an inference from the facts). However, defendant is not entitled to a new trial unless the erroneous admission of this testimony prejudiced him.

In determining whether a criminal defendant is prejudiced by the erroneous admission of evidence, the question is whether there is a reasonable possibility that, had the evidence not been admitted, the jury would have reached a different verdict. N.C.G.S. § 15A-1443(a) (1988). Gibson testified that on the night of the alleged burglary, her front window had been closed, and that, while she was watching the 11:00 news, defendant, whom she did not know, "jumped in that window," knocked her down, and demanded money. Moreover, Officer Davis properly testified that as he was preparing to leave Gibson's residence, Gibson fled to a neighbor's house, screaming, and told Officer Davis that defendant made her say that everything was okay. Officer Davis testified that he then went inside Gibson's house and observed that underneath the window "on the floor was a picture, something was knocked off a table, and you could see where the corner was disturbed." Furthermore, Gibson's relatives testified at trial that defendant is not Gibson's grandson and is not related to Gibson in any way, and that they had never seen him before. In light of the foregoing evidence of defendant's guilt, there is no reasonable possibility that the jury would have reached a different verdict had the trial court excluded Officer Davis' inadmissible opinion testimony.

V

[5] After arguments by counsel, and before sentencing, the trial court made the following statements regarding defendant's sentence:

I understand the appellate court has said it is best to find as few aggravating factors as possible to be argued about. So we have found one aggravating [that the defendant has prior convictions for criminal offenses punishable by more than 60 days confinement] and we have found one mitigating [that the defendant has been honorably discharged from the United States Armed Services], and that appears to be the extent

of it. The Court also finds without any argument that the lady, like any other citizen, is entitled to peace of mind and body in her home.

The sole aggravating factor entered by the trial court on Form AOC-CR-303 is that the defendant has a prior conviction or convictions for criminal offenses punishable by more than 60 days confinement. The trial court sentenced defendant to life imprisonment on the burglary conviction and twenty years imprisonment to begin at the expiration of the life sentence on the kidnapping conviction. The presumptive sentence for first degree burglary is fifteen years, and the presumptive sentence for second degree kidnapping is nine years. N.C.G.S. § 15A-1340.4(f) (1988).

Defendant argues that he is entitled to a new sentencing hearing because the trial court erroneously found as a non-statutory aggravating sentencing factor that "the lady, like any other citizen, is entitled to peace of mind and body in her home." The State argues that, contrary to defendant's assertion, the trial court only considered one aggravating factor — defendant's prior convictions — and did not consider Gibson's entitlement to peace of mind and body in her home as an aggravating factor in sentencing defendant. According to the State, even if the trial court considered Gibson's entitlement to peace of mind and body in her home as an aggravating factor, such a factor would not be improper.

Although the trial court did not formally find as a non-statutory aggravating factor that Gibson, like any other citizen, is entitled to peace of mind and body in her home, the court's comments indicate that it nevertheless improperly considered it in determining defendant's sentence. *See State v. Cannon*, 326 N.C. 37, 39, 387 S.E.2d 450, 451 (1990) (where it could reasonably be inferred from the language of the trial judge that the sentence was imposed at least in part for an improper reason, defendant was entitled to a new sentencing hearing); *State v. Harrell*, 100 N.C. App. 450, 451, 397 S.E.2d 84, 85 (1990), *disc. rev. denied*, 328 N.C. 94, 402 S.E.2d 422 (1991) (even though court did not formally find defendant's denial of guilt as a non-statutory aggravating sentencing factor, its comments to the defendant indicated that the court improperly considered this factor). The trial court's failure to formally document the finding does not insulate its remarks from appellate review. *Cannon*, 326 N.C. at 39, 387 S.E.2d at 451. It must now be determined whether the finding itself is improper.

STATE v. SHAW

[106 N.C. App. 433 (1992)]

In sentencing a defendant, the trial court may consider non-statutory aggravating factors in determining whether to increase the presumptive term for the offense. N.C.G.S. § 15A-1340.4(a) (1988). These factors, however, must be "(1) related to the purposes of sentencing and (2) supported by the evidence in the case." *State v. Taylor*, 322 N.C. 280, 287, 367 S.E.2d 664, 668 (1988); N.C.G.S. § 15A-1340.4(a) (1988). Among the primary purposes of sentencing a person convicted of a crime are the protection of the public by restraining offenders and the provision of a general deterrent to criminal behavior. N.C.G.S. § 15A-1340.3 (1988). However, a sentencing purpose itself may not form the basis of a trial court's decision to increase the presumptive sentence for an offense. This is because the legislature took the purposes of sentencing into account when it determined presumptive sentences under the Fair Sentencing Act, and to use one as a basis for increasing a presumptive sentence would be duplicative and therefore prohibited. *See State v. Chatman*, 308 N.C. 169, 180, 301 S.E.2d 71, 78 (1983). For example, a finding in aggravation that the sentence imposed on the defendant is necessary to deter others is improper because deterrence is a stated purpose of sentencing criminal offenders. *Id.*

In the instant case, the trial court found that the victim is entitled, like any other citizen, to peace of mind and body in her home. This is indistinguishable from a finding that the sentence imposed is necessary to protect the public, which is a stated purpose of sentencing under Section 15A-1340.3, and therefore in and of itself is an improper basis for increasing a defendant's presumptive sentence. *See State v. Tyler*, 66 N.C. App. 285, 287, 311 S.E.2d 354, 356 (1984) (finding by trial court that the sentence imposed on the defendant was "necessary to protect society" improper because such factor was presumably considered by the legislature in determining the presumptive sentence for the offense).

When it is determined that a trial court erred in a finding in aggravation and imposed a sentence beyond the presumptive term, then the case must be remanded for a new sentencing hearing. *State v. Ahearn*, 307 N.C. 584, 602, 300 S.E.2d 689, 701 (1983). Because we have determined that the trial court erred in a finding in aggravation, and because the trial court increased defendant's sentence beyond the presumptive terms for both offenses of which defendant was convicted, defendant is entitled to a new sentencing hearing.

Guilt/innocence phase: No error.

Sentencing phase: Remanded for resentencing.

Judges PARKER and COZORT concur.