CALABRIA, Judge.
 

 Carl Lee Hooker, Jr. ("defendant") appeals from judgment entered 6 February 2003 on jury verdicts finding defendant guilty of attempted first-degree rape, first-degree burglary, second-degree kidnapping, and misdemeanor assault inflicting serious injury. We find no error.
 

 The State's evidence at trial tended to show that defendant and Kamisha Koonce (the "victim") were previously involved in a failed romantic relationship. During the early morning hours of 23 June 2002, the victim saw defendant at a nightclub with some acquaintances and left because he had been drinking and she did not want to be around him. The victim returned to the rooming house in which she lived. The rooming house had a front door equipped witha lock that served as a general entry way into a hall from which each resident's living quarters were accessible. Entry into each resident's room required a separate key.
 

 At some point between 2:00 and 5:13 in the morning, defendant broke through the front door and began knocking loudly on the victim's door. When a neighbor came into the general hallway to investigate the noise, defendant claimed he was there to retrieve some clothes. Donald Fikes ("Fikes"), a resident and manager of the rooming house, also came out to investigate the noise. When Fikes informed defendant that he was going to call the police, defendant pushed Fikes into his room, held him down on the bed, and began hitting his head and face. After inflicting approximately seven blows with his fists, defendant warned Fikes to stay in his room and then left, closing the door behind him. Defendant returned to the victim's door and, when the victim cracked open the door to determine who was outside, defendant forced his way in her apartment by overpowering the victim's attempts to close the door. Defendant held the victim down on her bed and threatened to kill her with a knife. Subsequently, defendant announced his intention to have sexual intercourse with the victim and tried to remove her undergarments.
 

 In the meantime, Fikes had crawled out of a window in his room and found a telephone to call the police. When the police arrived and announced their presence, defendant unsuccessfully tried to escape out of a window and then hid in the victim's closet. The victim permitted the police to enter and informed them thatdefendant was hiding in the closet. Defendant was subsequently apprehended.
 

 Defendant presented evidence, in relevant part, that he went to the victim's house during the daytime of 23 June 2002 to retrieve some clothes he previously left at her residence. The front door leading into the general hallway was broken at the time he arrived. After knocking on the victim's door, Fikes pushed him in the back, and defendant retaliated by hitting Fikes. Thereafter, the victim opened her door and invited defendant inside. Once inside, the victim threatened defendant with a knife. When the police arrived, defendant hid in the closet because Fikes had threatened to kill him.
 

 At the close of the State's evidence, defendant moved to dismiss the charges against him. The trial court dismissed a charge of first-degree burglary of Fikes' residence but denied defendant's motion with respect to all other charges. Defendant renewed his motion to dismiss at the close of all the evidence, and the trial court again denied his motion. During the State's closing argument, defendant's objections to certain portions of the prosecutor's closing argument were overruled. The jury convicted defendant on all charges. The trial court consolidated the charges into one judgment and sentenced defendant, as a record level IV offender, to a term of 240 to 297 months' imprisonment. Defendant appeals.
 

 On appeal, the issues are whether (I) the indictment charging defendant with rape is a proper short-form indictment, (II) thetrial court erred by denying defendant's request for a jury instruction on misdemeanor breaking and entering, and (III) the trial court erred in allowing portions of the prosecutor's closing argument.
 

 I. Indictment
 

 In his first assignment of error, defendant contends that if the indictment is a short-form indictment, the trial court erred in failing to instruct the jury as to attempted second-degree rape and assault on a female. On the other hand, defendant asserts that if the indictment is not a short-form indictment, the indictment is fatally deficient for failure to allege defendant used or displayed a dangerous weapon.
 

 Count II of the indictment, entitled "attempted first degree rape," states, in pertinent part, "that on or about the 23rd day of June, 2002 . . . [defendant] unlawfully, willfully, and feloniously did attempt to ravish and carnally know Kamisha Koonce, by force and against the victim's will." North Carolina General Statutes § 15-144.1 (2003) lists the elements that are required in a bill of indictment for rape. The applicable provision is found in subsection (a), which provides, in pertinent part, as follows:
 

 In indictments for rape it is not necessary to allege every matter required to be proved on the trial; but in the body of the indictment . . . it is sufficient in describing rape to allege that the accused person unlawfully, willfully, and feloniously did ravish and carnally know the victim, naming her, by force and against her will and concluding as is now required by law. Any bill of indictment containing the averments and allegations herein named shall be good and sufficient in law as an indictment for rape in the firstdegree and will support a verdict of guilty of rape in the first degree, rape in the second degree, attempted rape or assault on a female.
 

 The indictment in the instant case contains the elements required by the statute. Nonetheless, defendant contends the indictment is not a short-form indictment because "a `true' short form indictment would not allege in the body [or title] of the indictment that the defendant attempted the rape, since the statute states that a short form indictment will support a verdict of guilty of rape or attempted rape." We disagree.
 

 There are no statutory mandates regarding how a short-form indictment for rape must be titled and, moreover, the title in this indictment directly refers to the statutory provision for first-degree rape,
 
 N.C. Gen. Stat. § 14-27.2
 
 . Regarding the use of the word "attempt" in the body of the indictment, we agree with the State's assertion that the use of the word "attempt" merely provides defendant with notice more specifically tailored to the criminal act with which he has been charged. While
 
 N.C. Gen. Stat. § 15-144.1
 
 (a) does, by its own terms, allow the short-form indictment to apply to attempted rape without specifying "attempt" in the body of the indictment, we regard its use in the instant case as mere surplusage that may be ignored.
 

 Defendant argues alternatively that, even if the indictment is a proper short-form indictment, the trial court failed to apply the right standard in denying defendant's jury instruction requests regarding the lesser-included offenses of attempted second-degree rape and assault on a female. The trial court, in denyingdefendant's request stated: "I believe all of the evidence indicated in the light most favorable to the State that a weapon was displayed and used. The Defendant's evidence was that this occurrence never took place."
 

 A trial court is required to instruct a jury on all lesser-included offenses that are supported by the evidence regardless of whether defendant requests the instruction; and the failure to so instruct constitutes reversible error even if the jury returns a verdict of guilty of the greater offense.
 
 State v. Lawrence,
 

 352 N.C. 1
 
 , 19,
 
 530 S.E.2d 807
 
 , 819 (2000). However, when a defendant denies having committed the complete offense for which he is being prosecuted, and evidence is presented by the State of every element of the offense, and there is no evidence to negate these elements other than defendant's denial that he committed the offense, then no lesser-included offense need be submitted to the jury.
 
 State v. Stinson,
 

 127 N.C. App. 252
 
 , 258,
 
 489 S.E.2d 182
 
 , 186 (1997). Here, the trial court did refer to the evidence "in the light most favorable to the State." Nonetheless, read as a whole, the trial court correctly contrasted the State's evidence (that defendant's conduct amounted to attempted first-degree rape) with defendant's evidence (that there was no sexual assault of any kind). Defendant's denial, standing alone, is not sufficient evidence to negate the elements shown by the State and warrant the submission of lesser-included defenses to the jury under
 
 Stinson.
 
 Accordingly, this assignment of error is overruled. Defendant asserts, for preservation of the issue, that the short-form indictment for rape is unconstitutional. Defendant concedes our Supreme Court has upheld the short-form indictment.
 
 See State v. Wallace,
 

 351 N.C. 481
 
 , 504,
 
 528 S.E.2d 326
 
 , 341,
 
 cert. denied,
 

 531 U.S. 1018
 
 ,
 
 148 L. Ed. 2d 498
 
 (2000). We find nothing in our previous cases or in defendant's argument that persuades us the short-form indictment in this case was constitutionally infirm.
 

 II. Misdemeanor Breaking and Entering
 

 Defendant asserts, in his second assignment of error, that the trial court erred in failing to include a jury instruction regarding non-felonious breaking or entering. The trial court instructed only on first-degree burglary and the lesser-included offense of felonious breaking or entering. The jury found defendant guilty of first-degree burglary. Defendant asserts that his testimony and the testimony of one of the residents at the rooming house tended to show he had no intent to commit a crime in the victim's residence but only desired to retrieve his clothes. Defendant contends that this presented conflicting evidence regarding his intent.
 

 We find our holding in
 
 State v. Shaw,
 

 106 N.C. App. 433
 
 ,
 
 417 S.E.2d 262
 
 (1992) instructive. In
 
 Shaw,
 
 the State's evidence tended to show that defendant Shaw entered Gibson's residence at night without permission through a window that was previously closed while Gibson was at home. Once inside, defendant Shaw demanded money from Gibson. By way of contrast, defendant Shaw testified Gibson invited him in her home and he did not have theintent to steal anything. This Court considered the defendant's testimony a "deni[al] [of] having committed the offense of first degree burglary" and held the trial court did not err in refusing to instruct the jury on misdemeanor breaking and entering because "mere denial of the charges by the defendant does not require submission of a lesser included offense[.]"
 

 Id.,
 

 106 N.C. App. at 440
 
 ,
 
 417 S.E.2d at 267
 
 (citations omitted).
 

 Likewise, in the instant case, the State's evidence established that prior to 5:13 a.m. on the night in question, defendant, without permission, forced entry into the victim's residence by overpowering her when she cracked the door to see who was there. This constitutes positive evidence of the first five elements of burglary.
 
 See State v. Person,
 

 298 N.C. 765
 
 , 768,
 
 259 S.E.2d 867
 
 , 868 (1979) (describing the constituent elements of first-degree burglary as: "(1) the breaking (2) and entering (3) in the nighttime (4) into a dwelling house or a room used as a sleeping apartment (5) which is actually occupied at the time of the offense (6) with the intent to commit a felony therein"). The State also presented testimony that, once inside, defendant stated he was going to kill the victim, threatened her with a knife, and attempted to rape her. The jury could infer from this evidence that defendant had the requisite intent to commit a felony at the time of the breaking and entering.
 
 See State v. Williams,
 

 330 N.C. 579
 
 , 585,
 
 411 S.E.2d 814
 
 , 818 (1992) (observing "[t]he criminal intent of the defendant at the time of breaking or entering may be inferred from the acts he committed subsequent to his breaking orentering the building"). By way of contrast, defendant's evidence indicated the victim invited him into her residence and he had no intent to rape her. As in
 
 Shaw,
 
 we hold defendant's evidence constitutes merely a denial that he committed the offense of first-degree burglary. Accordingly, the trial court was not required to submit the lesser-included offenses to the jury. This assignment of error is overruled.
 

 III. Closing Argument
 

 In his final assignment of error, defendant asserts that the trial court erred in failing to correct improper statements made by the prosecutor in the closing argument. Specifically, defendant asserts the following statements were improper: (1) "defendant . . . is a brute who takes what he wants, when he wants it. And if you get in his way, he'll take his fist and hit you in the face[;]" (2) the prosecutor's suggestion that, had defendant's fingerprints been found on the knife, defendant would have contended "she threw the knife at me and I picked it up off the floor so she couldn't get it[;]" and (3) "[y]ou can explain away anything. And don't you think that men have been trying to take advantage of women sexually from time in memoriam and there have been cases like this that have happened - that have had to have been decided by people[.]" Defendant did not object to the first statement but did object to the latter two statements.
 

 Our Supreme Court "has repeatedly warned that closing arguments must be kept within the bounds of civility."
 
 State v. Matthews,
 

 358 N.C. 102
 
 , 112,
 
 591 S.E.2d 535
 
 , 542 (2004) (citing
 
 State v. Walters,
 

 357 N.C. 68
 
 , 105,
 
 588 S.E.2d 344
 
 , 366,
 
 cert. denied,
 
 ___ U.S.___,
 
 157 L. Ed. 2d 320
 
 (2003);
 
 State v. Jones,
 

 355 N.C. 117
 
 , 126,
 
 558 S.E.2d 97
 
 , 103 (2002). "'When the prosecutor becomes abusive, injects his personal views and opinions into the argument before the jury, he violates the rules of fair debate.'"
 
 Jones,
 

 355 N.C. at 130
 
 ,
 
 558 S.E.2d at 105
 
 (quoting
 
 State v. Smith,
 

 279 N.C. 163
 
 , 166,
 
 181 S.E.2d 458
 
 , 460 (1971)).
 

 A well-reasoned, well-articulated closing argument can be a critical part of winning a case. However, such argument, no matter how effective, must: (1) be devoid of counsel's personal opinion; (2) avoid name-calling and/or references to matters beyond the record; (3) be premised on logical deductions, not on appeals to passion or prejudice; and (4) be constructed from fair inferences drawn only from evidence properly admitted at trial.
 

 Jones,
 

 355 N.C. at 135
 
 ,
 
 558 S.E.2d at 108
 
 .
 

 Regarding the first statement presented by defendant on appeal, defendant's failure to object at trial limits our review "'to an examination of whether the argument was so grossly improper that the trial [court] abused [its] discretion in failing to intervene
 
 ex mero motu.
 
 '"
 
 State v. Smith,
 

 357 N.C. 604
 
 , 614,
 
 588 S.E.2d 453
 
 , 460 (2003) (quoting
 
 State v. Gladden,
 

 315 N.C. 398
 
 , 417,
 
 340 S.E.2d 673
 
 , 685,
 
 cert. denied,
 

 479 U.S. 871
 
 ,
 
 93 L. Ed. 2d 166
 
 (1986)). The prosecutor's resort to name-calling was clearly inappropriate under previous decisions of our appellate courts; however, "the prosecutor's one-time description of defendant as [`a brute'] was not so improper as to require action by the trial court
 
 ex mero motu.
 
 "
 
 State v. Braxton,
 

 352 N.C. 158
 
 , 204,
 
 531 S.E.2d 428
 
 , 455 (2000) (holding the same regarding the disparaging remark"that thing" which was directed towards the defendant by the prosecutor during closing arguments). We find no error in the remainder of the statement because the prosecutor was merely generally characterizing the evidence at trial: defendant attempted to take what he wanted and reacted with violence when opposed. Given the standard of review, coupled with the wide latitude given to attorneys during closing arguments,
 
 see State v. Scott,
 

 343 N.C. 313
 
 , 343,
 
 471 S.E.2d 605
 
 , 623 (1996), we find no abuse of discretion by the trial court in not intervening
 
 ex meru moto
 
 with regards to this statement.
 

 Defendant did object to the remaining statements. "The standard of review for improper closing arguments that provoke timely objection from opposing counsel is whether the trial court abused its discretion by failing to sustain the objection."
 
 Jones,
 

 355 N.C. at 131
 
 ,
 
 558 S.E.2d at 106
 
 . A prosecutor's closing argument is entirely proper when consistent with the facts in evidence; however, a closing argument ceases to be proper when counsel presents arguments that place before the jury incompetent or prejudicial matters based on his own beliefs and not supported by the evidence.
 
 State v. Locklear,
 

 294 N.C. 210
 
 , 217,
 
 241 S.E.2d 65
 
 , 69 (1978). The State's suppositions as to how defendant would have explained fingerprints that were neither tested for nor found on the knife are irrelevant and fail to assist the jury in making a determination on the evidence before it. Such speculation improperly casts aspersions on defendant's credibility by implying defendant's account of the events on the night in question wastailored to minimize inculpatory evidence. However, we note that, during his testimony, defendant repeatedly equivocated and contradicted his version of the events occurring on 23 June 2002. Viewed in context and given the wide latitude afforded attorneys in jury arguments, we cannot say any error in allowing this argument rises to the level of prejudicial error necessary to warrant a new trial.
 
 See State v. Burr,
 

 341 N.C. 263
 
 , 299,
 
 461 S.E.2d 602
 
 , 621 (1995) (holding that the trial court's failure to sustain an objection "does not rise to the level of prejudicial error that would require a new trial" unless the "inappropriate prosecutorial comment . . . so infected the trial with unfairness as to make the resulting conviction a denial of due process") (internal quotation marks and citations omitted).
 

 Regarding the last of the challenged statements by the prosecutor, defendant, in his brief, asserts the statement was "improper and the defense objections should have been sustained." However, defendant has produced no argument or reasoning in support of this bare assertion. Accordingly, we find defendant has abandoned his assignment of error with respect to this statement.
 
 See
 
 N.C.R. App. P. 28(b)(6)(2004) ("Assignments of error . . . in support of which no reason or argument is stated or authority cited, will be taken as abandoned"). This assignment of error is overruled.
 

 No error.
 

 Judges WYNN and STEELMAN concur.
 

 Report per Rule 30(e).